Adolphus HALL et ux., Appellants,

v.

HARRIS COUNTY CHILD WELFARE UNIT, Appellee.

No. 1258.

Court of Civil Appeals of Texas, Houston (14th Dist.).

Jan. 28, 1976.

Martin J. Grimm, Houston Legal Foundation, Houston, for appellants.

Robert D. Ford, Asst. Dist. Atty., Eric G. Andell, Houston, for appellee.

CIRE, Justice.

This is an appeal from an order terminating the parent-child relationship between appellants, Mr. and Mrs. Adolphus Hall, and five of their children. The juvenile court granted the petition of appellee, the Harris County Child Welfare Unit, brought on the basis of section 15.02 of the Family Code under which the court may terminate the

parent-child relationship if it finds the parent has

(C) knowingly placed or knowingly allowed the child to remain in conditions or surroundings which endanger the physical or emotional well-being of the child; or

(D) engaged in conduct or knowingly placed the child with persons who engaged in conduct which endangers the physical or emotional well-being of the child  .  .  ..

At the time of the termination hearing all six of the children were under the temporary managing conservatorship and in the custody of the appellee. The appellants appeared at the hearing but were not represented by counsel.

The evidence introduced at the hearing consisted of the testimony of two caseworkers from the Harris County Child Welfare Unit, and the testimony of the appellants. Ms. Karen Nelson testified that she became the appellants' caseworker in June of 1974 at which time the children were in foster homes. In July, 1974 the children were returned to the parents' home where Ms. Nelson visited an average of five to ten times per month until she ceased to be their caseworker in January, 1975. She testified that appellants' home was usually dirty, and on several occasions she found the home to be without food, gas, lights, or heat. She had made arrangements for appellants to work with various social, health and welfare agencies, but testified the appellants failed to consistently follow the programs set up by these agencies. .Specifically, she testified that the youngest child was to have been given medication daily for cellulitis, but she later found that the medicine bottle was almost unused. In her opinion the home could be rehabilitated only with constant supervision, which she was unable to provide because of her heavy casework load.

Ms. Karen Lewis testified that she had been the Halls' caseworker since February, 1975. She testified that although the children had been taken from the appellants' possession on January 22, 1975, neither of the appellants had attempted to arrange to visit the children from that time until the date of the hearing, which was March 31, 1975. She testified that the parents were not living together, and in her opinion neither Mr. nor Mrs. Hall alone was capable of taking care of the children.

Mrs. Hall testified that she had been hospitalized on several occasions for psychiatric treatment, the last time in January of 1974; that she no longer had an emotional problem; that she was not living with her husband; that she had taken the children to their scheduled appointments at health care clinics; and that she and her husband planned to resume living together if the children were returned to them. Mr. Hall testified that he was working; that he and his wife were living apart only because his job kept him away from home; that he had made several attempts after January 22, 1975 to contact the caseworker and arrange visits with the children; that he believed he could financially support his family; he also testified that he had taken the children to the clinic, but was uncertain which clinic.

The appellee did not produce any medical records or introduce any expert testimony concerning any of the children's health or their lack of medical treatment. The juvenile court terminated the parent-child relationships between appellants and the five youngest children and appointed appellee as their permanent managing conservator. The caseworkers testified that the oldest child Rita was not adoptable, and appellee. did not request termination as to her.

■ The primary consideration in such cases is the best interest of the children involved, and the trial court is vested with wide discretion in determining how best to serve that interest. *Mumma v. Aguirre,* 364 S.W.2d 220 (Tex.Sup.1963); *Ex parte Gallop,* 486 S.W.2d 836, 839–40 (Tex.Civ. App.—Beaumont 1972, writ ref'd). There is, however, a rebuttable presumption that the best interest of the child will be served

by awarding the child to its natural parents. In order to rebut this presumption there must be clear and convincing evidence of the natural parents' present unfitness. *Calhoun v. Ruffer*, 425 S.W.2d 50, 53 (Tex. Civ.App.—Houston [14th Dist.] 1968, no writ).

 Appellants contend the state has not brought forth competent evidence sufficient to demonstrate a danger of physical or emotional harm to the children or to show the parents are presently unfit to care for them.

This is not a case in which it is alleged that the parents have willfully abused or abandoned their children. The ground on which termination is sought is that the parents are unable to provide adequate care for their children, and the primary evidence offered to prove this inability was the physical and emotional condition of the children and of their mother. The record, however, reflects almost no competent evidence of the children's or their mother's health. The social workers testified that two of the children were "severely anemic", that the youngest child had cellulitis, and that the parents had failed to follow the treatment schedules set up for these children. Additionally, there was testimony that Mrs. Hall is emotionally unstable and therefore unable to care for the children. All these allegations concerned the medical conditions of the children and of their mother, but no expert testimony or medical records were introduced to substantiate them.

We do not intend to imply that this is not a proper case for termination; however, it is clear from the record that the evidence of the physical and emotional ill-health of the children and their mother was not sufficiently developed to satisfy the requirement of clear and convincing proof. Whenever a cause relies heavily, as does this one, on the proof of medical facts, then the party on whom rests the burden of proof must come forward with medical testimony or medical records, or some evidence other than hearsay or the unsubstantiated opinion of witnesses not qualified as medical experts.

We feel it is in the best interest of these children that this case be remanded for a fuller presentation of the evidence. For that reason the judgment of the trial court is reversed, and the cause is remanded for further proceedings to more fully develop all aspects of the case.

Reversed and remanded.