**In the Interest of B. J. B. and C. E. B., children.**

**No. 8427.**

Court of Civil Appeals of Texas, Texarkana.

Jan. 25, 1977.

Rehearing Denied Feb. 22, 1977.

Gary E. Conrad, Dallas, for appellant.

Thomas Wuntch, Wuntch & Wuntch, Dallas, for appellee.

CHADICK, Chief Justice.

This appeal is from a judgment decreeing termination of the parent-child relationship existing between a father and his two infant daughters and appointing such children's maternal grandparents their manag-

ing conservators. The judgment is affirmed.

The father and mother of the children were separated and the mother and children lived with and in the home of the wife's parents. On February 14, 1974, the father visited with his wife and children. On that occasion, while the children were in a bedroom playing and the husband and wife were in the kitchen, an argument between the parents erupted. The husband killed his wife by stabbing her with a butcher knife. He was convicted October 18, 1974, of voluntary manslaughter and sentenced to confinement in the penitentiary for not less than two nor more than twenty years.

As a prelude to this appeal, a request by the father was made pursuant to Tex.R. Civ.P. 295 for findings of fact and conclusions of law. The request was honored. The court's finding of fact numbered eight[1] and conclusion of law numbered one[2] are challenged on the ground that no evidence supports them or that the evidence is insufficient for such purpose and that such determinations are contrary to the great weight and preponderance of the evidence. In addition, the court's two conclusions of law are each challenged as an abuse of discretion because such determinations are contrary to the great preponderance of the evidence.

■ The trial court's response to the request did not include an express finding of fact that termination of the parent-child relationship was in the best interests of the children. The first numbered conclusion of law nevertheless stated that the relationship "be and the same is terminated." The father urges points of error that the trial court erred in finding, for reasons earlier noticed, that termination would be in the best interest of the children. Though the

finding thus challenged was not expressly made, under Tex.R.Civ.P. 299, this Court may presume that the trial court found that termination was in the children's best interest as an omitted unrequested finding of an element of the action pled. See *Hodges v. Hodges,* 207 S.W.2d 943 (Tex.Civ.App. Fort Worth 1948, no writ).

Involuntary termination of the parent-child relationship is governed by Texas Family Code Ann., Sec. 15.02. This section authorizes a court, having jurisdiction, to enter such order when the evidence is sufficient to show termination is in the best interest of the child, if coupled with such finding an additional determination is made that there exists one of the several other grounds listed in Section 15.02. In this instance Section 15.02(1)(E) (Supp.1976–1977) is relied upon. To be sustained as a companion ground, such subdivision requires proof that a parent engaged in conduct which endangers the physical or emotional well-being of a child. The children's best interests and the father's conduct endangering their physical or emotional well-being combined to form the gravamen of this action for termination. *Holley v. Adams,* 544 S.W.2d 367 (Tex.1976); *Wiley v. Spratlan,* 543 S.W.2d 349 (Tex.1976). The trial court having expressly found as a fact one element of such cause of action, that is, conduct that endangers the children's physical and emotional well-being, then the other element of the action, the children's best interests, may be presumed as found in support of the judgment rendered.

The best interest of the children is not a concept which lends itself to easy definition. In *Holley v. Adams,* supra, the Supreme Court made a partial list of factors to be considered. Those which have bearing on this case are (1) the present emotional and physical needs of the children and such

---

1. "8. The surviving parent, B——— J——— B———, has engaged in conduct which endangers the physical and emotional well-being of the children, by killing his wife in the presence of his children, which act was observed by the children."

2. "1. That the parent-child relationship between surviving parent, B——— J———

B———, and the children, B——— J——— B——— and C——— E——— B———, be and the same is terminated." (In the spirit of the directions contained in Texas Family Code, Sec. 56.01(j), the names of the father and the children have been deleted here and throughout this opinion.)

needs in the future, (2) the parental abilities of the individuals seeking custody, and (3) the acts or omissions of the parent which may indicate that the existing parent-child relationship is not a proper one.

The father stipulated to the grandparents' good character. Extensive testimony, sufficient in all material detail, was introduced to establish the grandparents possessed the abilities requisite to custody and the means for providing a stable environment and proper care and control of the children. Evidence of conduct of the father, alleged to endanger the children's physical and emotional well-being, is pertinent to and entwined in the issue of the children's best interests. *Holley v. Adams,* supra. To make an ultimate determination, it must be ascertained also whether the trial court's finding that the father engaged in conduct endangering the physical or emotional well-being of the children is supported by sufficient or indeed by any evidence.

■■■ The father questions that portion of finding numbered eight which states the killing was in the presence of the children. He argues that the record does not establish that the children observed the incident. There is no first-hand testimony that they did. The children were not witnesses and the testimony of others that the older of the children may have said that they were present is not admissible as an exception to the rule against hearsay. The presence and observation of the father's conduct by the children is not, however, an ultimate issue in the case. Section 15.02(1)(E) is concerned with parent conduct that endangers the child's physical and emotional well-being. It is not mandated therein that the children observed the conduct. Any error or of the trial court in finding the children present at the killing is no more than harmless error.

Evidence of the influence of the father's conduct is found in the testimony of the children's friends, relatives and teachers that the children were very upset by the fatal assault and that they had great fear of blood and knives, and of men resembling their father, in particular of men wearing a similar style of dark glasses and with a similar haircut. Also, there is evidence that they were terrified at the prospect of living in the house in which their mother was killed, so much so that the grandparents moved to another house.

■■■ The testimony of a qualified expert that a parent's conduct was reasonably calculated to endanger the physical or emotional well-being of a child would be helpful in strengthening a trial court's finding on such issues. See *Magallon v. State,* 523 S.W.2d 477 (Tex.Civ.App. Houston-1st Dist. 1975, no writ); *Hall v. Harris Cty. Child Welfare Unit,* 533 S.W.2d 121 (Tex.Civ.App. Houston-14th Dist. 1976, no writ). Such evidence is not indispensable; the trial judge might reasonably conclude from common knowledge and experience that the fears and anxieties of the children evidenced emotional damage to the children and that if the father's relationship was not altered by termination and the father was allowed to continue to exercise paternal rights, the children's emotional well-being would be further endangered. Also, the father's demonstrated want of self control and propensity for aggression and vicious, cruel, brutal violence against one who did not conform to his will projected a threat that might reasonably be construed as endangering the physical well-being of children in his care, custody and control.

When the evidence as a whole is considered, it appears to be amply sufficient to support the trial judge's finding of fact numbered eight, in its material aspect, and conclusion of law numbered one. Other issues raised by the father's points of error have been carefully examined and found to be without merit. All points of error are overruled and the judgment of the trial court is affirmed.