Archie SMITH, Appellant,

v.

Luella SIMS, Appellee.

No. A14–89–00925–CV.

Court of Appeals of Texas,
Houston (14th Dist.).

Dec. 13, 1990.

Steven R. Rosen, Houston, for appellant.

Charles M. Kinsey, Pearland, Edward E. Lindsay, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and JUNELL and MURPHY, JJ.

## OPINION

JUNELL, Justice.

This is an appeal from an order terminating the parent-child relationship between appellant, Archie Smith, and his two natural children. The trial court granted the petition of appellee, Luella Sims, for termination and adoption. Appellant brings six points of error alleging: (1) insufficient evidence to support the trial court's finding that appellant knowingly engaged in a course of conduct which endangered the physical or emotional well-being of the children; (2) insufficient evidence to support the trial court's finding that appellant knowingly placed or allowed the children to remain in conditions or surroundings which endangered the physical or emotional well-being of the children; (3) insufficient evidence to support the trial court's finding that appellant endangered the physical or emotional well-being of the children; (4) insufficient evidence to support the trial court's finding that termination was in the best interest of the children; (5) insufficient evidence to indicate that appellant constitutes a present or future danger to the children; and (6) the trial court's findings of facts are not in comprehensible form, preventing appellant from knowing which facts the trial court relied upon in making its decision. We affirm.

In May of 1985, appellant murdered his estranged wife and a man. He also wounded two others. Appellant then went to the home of Luella Sims, the mother of his wife. Appellant's children, ages five and two, were staying at the home with Mrs. Sims. Appellant held Mr. and Mrs. Sims and the children in the house at gun point for approximately three days. Ultimately, the Houston Police Department SWAT team rescued the hostages and apprehended the appellant. Appellant was convicted of murdering his wife and the other man. He is currently serving two life sentences in the Texas Department of Correction.

After the death of their mother, the children continued to reside with Mrs. Sims, their maternal grandmother. At all times after her daughter's death Mrs. Sims has cared for her grandchildren. On April 27, 1988, Mrs. Sims instituted an action to terminate appellant's parental rights under TEX.FAM.CODE ANN. § 15.02 and to legally adopt her grandchildren. After a bench trial, the court granted the application for termination of parental rights and adoption. Appellant appeals from that action.

TEX.FAM.CODE ANN. § 15.02(1) sets forth the grounds which can be used to terminate the parent-child relationship. In this case the court used the grounds found in 15.02(1)(D) and (E):

A petition requesting termination of the parent-child relationship with respect to a parent who is not the petitioner may be granted if the court finds that:

(1) the parent has:

(D) knowingly placed or knowingly allowed the child to remain in conditions or surroundings which endanger the physical or emotional well-being of the child; or

(E) engaged in conduct or knowingly placed the child with persons who engaged in conduct which endangers the physical or emotional well-being of the child.

Further, 15.02(2) requires that the termination be in the best interest of the child. Thus, in order for a petition requesting termination to be granted, one or more of the grounds set forth in 15.02(1) must be proved and it must be proved that such termination would be in the best interest of the child. Texas law requires such proof to be by clear and convincing evidence. *Holick v. Smith,* 685 S.W.2d 18, 20 (Tex.1985). The Supreme Court of Texas has defined clear and convincing evidence as:

> ... that measure or degree of proof which will produce in the mind of the trier of fact a firm belief or conviction of the truth of the allegations sought to be established. This is an intermediate standard, falling between the preponderance standard of ordinary civil proceedings and the reasonable doubt standard of criminal proceedings.

*State v. Addington,* 588 S.W.2d 569, 570 (Tex.1979).

■ In his first and third points of error, appellant complains there was insufficient evidence under Tex.Fam.Code Ann. § 15.02(1)(E) to prove that he endangered the physical or emotional well-being of his children. In reviewing the sufficiency of the evidence to support a finding that must be supported by clear and convincing proof, we must view all the evidence and determine whether the trier of fact could have reasonably concluded from the evidence that the existence of the fact to be proved is highly probable. *Wetzel v. Wetzel,* 715 S.W.2d 387, 388 (Tex.App.—Dallas 1986, no writ).

■ Appellant first argues that in order to use 15.02(1)(E), appellee must show that he engaged in a "course of conduct" which endangered his children. He contends there is insufficient evidence to show a "course of conduct" in that appellee's evidence consisted of only the May 1985 incident.

We agree that it is necessary under 15.-02(1)(E) to show that there was a course of conduct which endangered the physical or emotional well-being of the children before termination can occur. *Texas Department of Human Services v. Boyd,* 727 S.W.2d 531, 534 (Tex.1987). We do not agree, however, with appellant's contention that the evidence was insufficient in this case to show such a course of conduct. It is undisputed that appellant has been convicted of and is serving a life sentence for murdering his wife, the mother of his children. It has been held that the murder of the child's other parent constitutes conduct sufficient to warrant termination under 15.02(1)(E). *In the Interest of S.K.S.,* 648 S.W.2d 402, 404 (Tex.Civ.App.—San Antonio 1983, no writ) (murdering child's mother constitutes conduct described in 15.02(1)(E)); *In the Interest of B.J.B. and C.E.B.,* 546 S.W.2d 674, 677 (Tex.Civ.App.—Texarkana 1977, writ ref'd n.r.e) (fears and anxieties of children showed emotional damage due to father murdering mother). Further, the court in *Boyd* held that evidence of imprisonment can be used to show a course of conduct. *Boyd,* 727 S.W.2d at 534. While the murder and imprisonment are sufficient to terminate under 15.02(1)(E), it is clear from the record that appellant went further. After the murder appellant fled to the place where his children were and kept them and their maternal grandparents as hostages for three days. To say that this is not a "course of conduct" simply because it arose out of the same incident and occurred within a single three day period is an untenable position. The evidence that appellant murdered the mother of the children, was imprisoned for the murder, coupled with the evidence of his acts following the murder constitute a course of conduct more than sufficient to satisfy 15.-02(1)(E).

■ Appellant further attacks the trial court's finding of termination under 15.-02(1)(E) contending that since there was no medical evidence to show that his children's physical or emotional well-being was endangered the evidence was insufficient. In support of this argument appellant cites a case from this court, *Hall v. Harris Coun-*

ty *Child Welfare Unit,* 533 S.W.2d 121 (Tex.Civ.App.—Houston [14th Dist.] 1976, no writ). That case states that whenever a cause relies heavily on proof of medical facts, then the party with the burden of proof must come forward with medical testimony or records, or some evidence other than hearsay or the unsubstantiated opinion of witnesses not qualified as medical experts. *Hall,* 533 S.W.2d at 123. However, that case was recognized by the court to be very fact specific in that the grounds for termination were a lack of inadequate care by the parents which caused medically recognizable problems. The court went on to specifically say that the case relied heavily on medical facts. This case does not. Here, appellant, after murdering two people, voluntarily went to the place where he knew his two small children were staying. He went with a loaded weapon which he proceeded to exhibit in front of his children. He threatened Mr. and Mrs. Sims with this weapon in front of his children. This alone is sufficient to show that appellant endangered the physical and emotional well-being of his children. But beyond this, appellant, by remaining at the home and holding hostages, forced a confrontation with the Houston Police Department SWAT team, frightening his children and putting them in physical danger. Several witnesses, including Mrs. Sims, testified that since the incident the children have had problems such as nightmares, hallucinations, and feelings of aggression toward their father. The record reflects that neither child wishes to have any further contact with their biological father.

The trial court's finding that appellant engaged in conduct that endangered the physical or emotional well-being of the children was supported by sufficient evidence. Appellant's points of error one and three are overruled.

■ In his second point of error appellant contends there is insufficient evidence to prove that appellant knowingly placed or allowed the children to remain in conditions or surroundings which endangered their physical or emotional well-being. Appellant argues that TEX.FAM.CODE ANN.

§ 15.02(1)(D) refers to the environment in which the children are placed and not the conduct of the parent. He contends that since the children were with appellee in a "loving and caring" environment his parental rights cannot be terminated under 15.-02(1)(D). We find that appellant misconstrues the intent of 15.02(1)(D).

Unlike 15.02(1)(E), which addresses parental conduct, 15.02(1)(D) addresses the child's surroundings and environment. *In re S.H.A.,* 728 S.W.2d 73, 84 (Tex.App.—Dallas 1987, no writ). However, both subsections concern circumstances that "endanger" well-being. *In the Interest of M.H.,* 745 S.W.2d 424, 425 (Tex.App.—Houston [14th Dist.] 1988, no writ). This court concluded that the term "endanger" applies to 15.02(1)(D) and (E). *Id.* The Texas Supreme Court has stated that "endanger" means to expose to loss or injury or to jeopardize a child's emotional or physical health. *Boyd,* 727 S.W.2d at 533. Under 15.02(1)(D) the question is whether there is sufficient evidence to show that appellant placed the children in an environment which endangered their physical or emotional well-being.

When the appellant went to the appellee's home and held four people at gunpoint for three days, he put his children in an environment that endangered their physical and emotional well-being. The children were subject to a potentially violent confrontation with the Houston SWAT unit. The fact that the SWAT unit had to confront appellant while he was still holding the hostages constituted a dangerous environment in which appellant alone had placed the children. This is sufficient to satisfy the requisites of 15.02(1)(D). Appellant's second point of error is overruled.

■ In his fourth point of error appellant argues there is insufficient evidence to support the trial court's finding that termination of his parental rights is in the best interest of the children.

As noted above, 15.02(2) requires a trial court to support a finding under 15.02(1) with an additional finding that termination of parental rights is in the children's best interest. *See also Holley v. Adams,* 544

S.W.2d 367, 371 (Tex.1976) (both elements required). We find ample evidence in the record to support the trial court's finding that termination of appellant's parental rights is in the best interest of the children.

A number of factors have been considered by the courts in ascertaining the best interest of the child. Included among these are the following:

(1) the desires of the child;

(2) the emotional and physical need of the child now and in the future:

(3) the emotional and physical danger to the child now and in the future;

(4) the parental ability of the individual seeking custody;

(5) the plans for the child by the individual seeking custody;

(6) the stability of the home;

(7) the acts of the parent which may indicate that the existing parent-child relationship is not a proper one. *Holley*, 544 S.W.2d at 372.

Viewing these factors in light of the facts in this case, we find that termination of appellant's parental rights is in the best interest of the children. There is testimony in the record showing that the children desire to remain with appellee and have no desire to see their father. Appellee is able to provide a stable and loving home for the children. Appellee has sought professional help for the children so that they may cope with the events of May 1985. The acts of appellant show that he is a violent individual who is a danger to the public and his children. His behavior shows that his relationship with his children is not a proper one. Appellant's fourth point of error is overruled.

■ Appellant asserts in his fifth point of error there is insufficient evidence to indicate that appellant constitutes a present or future danger to his children. He argues that because the termination is based on the events of May 1985 and since he will be incarcerated for a number of years there is no showing that he poses any threat to his children. We disagree.

Appellant's violent actions toward the mother of the children and others indicates a disregard for human life. He placed his children in a situation where they could have been injured or killed. Appellant's behavior was erratic and dangerous. This constitutes sufficient evidence to find that appellant constitutes a danger to the children. Appellant's fifth point of error is overruled.

■ Appellant's sixth point of error asserts that the trial court's alternative findings prevent appellant from knowing which facts the trial court relied upon in reaching its decision. Appellant complains of the following findings in the court's order:

10. That Respondent, ARCHIE SMITH, has:

(1) knowingly placed or knowingly allowed the children to remain in conditions or surroundings that endanger the physical or emotional well-being of the children; and

(2) engaged in conduct or knowingly placed the children with persons who engaged in conduct that endangers the physical or emotional well-being of the children (emphasis supplied).

Appellant apparently requests a remand for clearer findings so that he will know with certainty which facts the court found in order to present his appeal. A remand is unnecessary. While the findings are alternatively phrased, they are accompanied by additional findings of specific acts of misconduct:

4. That the Respondent, ARCHIE SMITH, is the father of the children and that the Respondent has been convicted of murder of the mother of the children and is incarcerated in the Texas Department of Corrections.

5. That Respondent, ARCHIE SMITH, has been convicted of the murder of two (2) people, one of whom was the mother of the children, the subject of this suit, and has been sentenced to two (2) life terms in prison.

6. That Respondent, ARCHIE SMITH, held the Maternal Grandmother (Petitioner), the Maternal Grandfather and the two (2) children the subject of this suit hostage for three (3) days and resulted in the Respondent, ARCHIE SMITH, being

sentenced to a term of years in the Penitentiary.

A parent whose rights are involuntarily terminated is entitled to sufficiently specific findings on which to base an appeal. *In the Interest of M.H.*, 745 S.W.2d at 426 *citing In re S.H.*, 548 S.W.2d 804, 806 (Tex.Civ.App.—Amarillo 1977, no writ). The court's order shows that the trial court supported its alternatively phrased findings with additional findings of specific instances of conduct. When a trial court makes alternative findings but supports those findings with specific findings of conduct, appellant is sufficiently apprised of the court's adverse findings. *In the Interest of M.H.*, 745 S.W.2d at 426. In this case the trial court's alternative findings were supported by specific findings of misconduct by the appellant. He was apprised of the facts found against him in order to base an appeal. Appellant's sixth point of error is overruled.

The judgment of the trial court is affirmed.