cv2-190 



IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-92-190-CV





JOE MANUEL TENORIO, SR.,



 APPELLANT


vs.





TEXAS DEPARTMENT OF HUMAN SERVICES,



 APPELLEE


 




FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 277TH JUDICIAL

DISTRICT


NO. 87-931-F277, HONORABLE JOHN R. CARTER, JUDGE



 





PER CURIAM



 Appellant Joe Manuel Tenorio, Sr. appeals from a decree of termination rendered
by the district court of Williamson County. The district court terminated the parent-child
relationship between Tenorio and each of his three children. We will affirm the decree of
termination.

 A court may terminate a parent-child relationship if one or more of the grounds set
forth in § 15.02(1) of the Family Code is proved and it is proved that termination is in the child's
best interest. Tex. Fam. Code Ann. § 15.02(1),(2) (West Supp. 1992); Texas Dept. of Human
Servs. v. Boyd, 727 S.W.2d 531, 533 (Tex. 1987); Holley v. Adams, 544 S.W.2d 367, 370 (Tex.
1976); Smith v. Sims, 801 S.W.2d 247, 250-51 (Tex. App.--Houston [1st Dist.] 1990, no writ). 
Here, the district court found that Tenorio had knowingly placed the children in surroundings that
endangered their physical and emotional well-being, § 15.02(1)(D); that he had engaged in
conduct that endangered the children's physical and emotional well-being, § 15.02(1)(E); and that
termination was in the children's best interest, § 15.02(2).

 Tenorio's counsel has filed a brief similar to that which Anders v. California, 386
U.S. 738 (1967), requires of court-appointed counsel in criminal causes. The single point of error
states that there are no meritorious points of error and that the appeal is frivolous. The brief
meets the requirements of Anders by presenting a professional evaluation of the record
demonstrating why there are no arguable grounds to be advanced. Id. at 744; see also Penson v.
Ohio, 488 U.S. 75 (1988); High v. State, 573 S.W.2d 807 (Tex. Crim. App. 1978).

 The instant proceeding is, however, a civil matter. Consequently, Tenorio has not
presented to this Court any point of error for review or any argument and authorities in support
thereof. See Tex. R. App. P. 74(d),(f); Fambrough v. Wagley, 169 S.W.2d 478, 482 (Tex.
1943); Larrumbide v. Doctors Health Facilities, 734 S.W.2d 685, 687 (Tex. App.--Dallas 1987,
writ denied). Based on counsel's evaluation and statement that the appeal is without merit, an
opportunity to rebrief would serve no useful purpose. See Tex. R. App. P. 83; Inpetco, Inc. v.
Texas Am. Bank/Houston N.A., 729 S.W.2d 300 (Tex. 1987); Smith v. Valdez, 764 S.W.2d 26
(Tex. App.--San Antonio 1989, writ denied). 

 Accordingly, the decree of termination is affirmed.


[Before Chief Justice Carroll, Justices Jones and Kidd]

Affirmed

Filed: September 23, 1992

[Do Not Publish]