In re H.M.A., A Minor Child









NUMBER 13-02-00286-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG


 


In re H.M.A., A Minor Child.


 


On appeal from the 343rd District Court


of San Patricio County, Texas.


 


MEMORANDUM OPINION



Before Justices Hinojosa, Yañez, and Garza


Opinion by Justice Hinojosa



 Appellant, Miguel Alaniz, Sr., appeals from the trial court's order terminating his
parental relationship with his minor child H.M.A. ("the child"). In three issues, appellant
contends the evidence is legally and factually insufficient to support the trial court's findings
that he: (1) knowingly placed or allowed the child to remain in conditions or surroundings
that endangered the child; (2) knowingly placed the child with persons who endangered the
child; and (3) failed to comply with court orders that established conditions necessary for
the return of the child. We affirm.

 As this is a memorandum opinion and the parties are familiar with the facts, we will
not recite them here. See Tex. R. App. P. 47.4.

A. Standard of Review

 The parent-child relationship is recognized and protected by law to such a degree
that it is of federal constitutional dimensions. Santosky v. Kramer, 455 U.S. 745, 758-59
(1982) (holding that parent-child relationship is "far more precious than any property right"). 
Because termination of parental rights is such a drastic remedy and is of such weight and
gravity, due process requires the heightened burden of proof of "clear and convincing
evidence." See Tex Fam. Code Ann. §161.001 (Vernon 2002); In re G.M., 596 S.W.2d 846,
847 (Tex. 1980). "Clear and convincing evidence" is an intermediate standard, falling
between the preponderance standard of ordinary civil proceedings and the reasonable
doubt standard of criminal proceedings. In re G.M., 596 S.W.2d at 847. In applying the
clear and convincing evidence standard in reviewing the legal and factual sufficiency of
evidence, the court must take into consideration whether the evidence is such that a fact
finder could reasonably form a firm belief or conviction about the truth of the matter on
which the State bears the burden of proof. In re J.F.C., 96 S.W.3d 256, 265-66 (Tex.
2002); In re C.H., 89 S.W.3d 17, 25 (Tex. 2002). 

 In a legal sufficiency review, the reviewing court should look at all the evidence in
the light most favorable to the finding to determine whether a reasonable trier of fact could
have formed a firm belief or conviction that its finding was true. In re J.F.C., 96 S.W.2d at
266. This means that the reviewing court must assume that the fact finder resolved
disputed facts in favor of its finding if a reasonable fact finder could do so. Id. A corollary
to this requirement is that the court should disregard all evidence that a reasonable fact
finder could have disbelieved or found to have been incredible. Id. This does not mean
that the reviewing court must disregard all evidence that does not support the finding, as
this could skew the analysis of whether there is clear and convincing evidence. Id. If, after
conducting its legal sufficiency review of the record evidence, the reviewing court
determines that no reasonable fact finder could form a firm belief or conviction that the
matter that must be proven is true, then the court must conclude that the evidence is legally
insufficient. Id. 

 In a factual sufficiency review, the reviewing court must give due consideration to
evidence that the fact finder could reasonably have found to be clear and convincing. Id.;
In re C.H., 89 S.W. 3d at 25. The inquiry must be "whether the evidence is such that a fact
finder could reasonably form a firm belief or conviction about the truth of the State's
allegations." In re J.F.C., 96 S.W.3d at 266. The reviewing court should consider whether
disputed evidence is such that a reasonable fact finder could not have resolved that
disputed evidence in favor of its finding. Id. If, in light of the entire record, the disputed
evidence that a reasonable fact finder could not have credited in favor of the finding is so
significant that a fact finder could not reasonably have formed a firm belief or conviction,
then the evidence is factually insufficient. Id. The reviewing court should detail in its
opinion why it has concluded that a reasonable fact finder could not have credited disputed
evidence in favor of the finding. Id. at 266-67.

B. Termination of Parental Rights

 A trial court may order the involuntary termination of the parent-child relationship
pursuant to section 161.001 of the Texas Family Code if it finds by clear and convincing
evidence that: (1) one or more of the statutory grounds set forth in section 161.001(1) is
met; and (2) termination is in the best interest of the child. Tex. Fam. Code Ann.
§161.001(Vernon 2002); Richardson v. Green, 677 S.W.2d 497, 499 (Tex. 1984). A non-exclusive list of factors that may be considered by the court in determining whether
termination is in the best interest of the child includes: (1) the desires of the child; (2) the
emotional and physical needs of the child now and in the future; (3) the emotional and
physical danger to the child now and in the future; (4) the parental abilities of the
individuals seeking custody; (5) the programs available to assist these individuals to
promote the best interest of the child; (6) the plans for the child by these individuals or by
the agency seeking custody; (7) the stability of the home or proposed placement; (8) the
acts or omissions of the parent which may indicate that the existing parent-child
relationship is not a proper one; and (9) any excuse for the acts or omissions of the parent. 
Holley v. Adams, 544 S.W.2d 367, 372 (Tex. 1976).

 The trial court found by clear and convincing evidence that appellant: (1) knowingly
placed or knowingly allowed the child to remain in conditions or surroundings which
endanger the physical or emotional well-being of the child; (2) engaged in conduct or
knowingly placed the child with persons who engaged in conduct which endangers the
physical or emotional well-being of the child; and (3) failed to comply with the provisions
of a court order that specifically established the actions necessary for the father to obtain
the return of the child who has been in the temporary managing conservatorship of the
Department of Protective and Regulatory Services for not less than nine months as a result
of the child's removal from the parent under Chapter 272 for the abuse and neglect of the
child. See Tex. Fam. Code Ann. §§ 161.001(1)(D), (E), (O) (Vernon 2002). The trial court
further found that termination of the parent-child relationship is in the best interest of the
child. 

 On appeal, appellant does not contend that termination is not in the best interest of
the child. See Tex. Fam. Code Ann. § 161.001(2) (Vernon 2002). Therefore, if the
evidence is legally and factually sufficient to support any of the specific conduct identified
in section 161.001(1), the termination is proper and we must affirm the judgment of the trial
court. See Tex. Fam. Code Ann. § 161.001(1) (Vernon 2002). 

 By his first and second issues, appellant contends the evidence is legally and
factually insufficient to support the trial court's findings that he knowingly placed or allowed
the child to remain in conditions or surroundings that endangered the child, as set forth in
section 161.001(1)(D), and that he knowingly placed the child with persons who
endangered the child, as set forth in section 161.001(1)(E). See Tex. Fam. Code Ann. §§
161.001(1)(D), (E) (Vernon 2002). 

 Under section 161.001(1)(D), the parent-child relationship may be terminated if a
parent "knowingly placed or knowingly allowed the child to remain in conditions or
surroundings which endanger the physical or emotional well-being of the child." See Tex.
Fam. Code Ann. § 161.001(1)(D) (Vernon 2002). This section refers only to the
acceptability of a child's living conditions or surroundings, not the conduct of the parent
toward the child. In re S.H.A., 728 S.W.2d 73, 84 (Tex. App.-Dallas 1987, writ ref'd n.r.e.).
It must be the environment itself which causes the child's physical or emotional well-being
to be endangered, not the parent's conduct. Id. at 84-85. Environment, however, is not
limited to a physical environment such as housing or living conditions. "Conditions or
surroundings" for purposes of section (D) include also the environment produced by the
conduct of parents or others. In re W.S., 899 S.W.2d 772, 776 (Tex. App.-Fort Worth
1995, no writ); D.O. v. Tex. Dep't of Human Servs., 851 S.W.2d 351, 354 (Tex.
App.-Austin 1993, no writ); In re B.R., 822 S.W.2d 103, 106 (Tex. App.-Tyler 1991, writ
denied); Smith v. Sims, 801 S.W.2d 247, 251 (Tex. App.-Houston [14th Dist.] 1990, no
writ). The environment must pose a real threat of injury or harm to the child. See Williams
v. Tex. Dep't of Human Servs., 788 S.W.2d 922, 926 (Tex. App.-Houston [1st Dist.] 1990,
no writ), overruled on other grounds, In re J.N.R., 982 S.W.2d 137, 143 (Tex.
App.-Houston [1st Dist.] 1998, no pet.); see also Ybarra v. Tex. Dep't of Human Servs.,
869 S.W.2d 574, 577-78 (Tex. App.-Corpus Christi 1993, no writ); In re S.H.A., 728
S.W.2d at 85. In order for termination to be warranted under section (D), there must be
proof of a direct causal connection between the environment the child is placed or allowed
to remain in and the resulting danger to the child's physical or emotional well-being. See
Williams, 788 S.W.2d at 926; see also Ybarra, 869 S.W.2d at 577-78; In re S.H.A., 728
S.W.2d at 85. However, it is not necessary for the parent to have certain knowledge that
an actual injury is occurring; it is enough that the parent was aware of the potential for
danger to the child in such environment and disregarded that risk. In re Tidwell, 35 S.W.3d
115, 119-20 (Tex. App.-Texarkana 2000, no pet.). 

 Under section 161.001(1)(E), the parent-child relationship may be terminated if a
parent "engaged in conduct or knowingly placed the child with persons who engaged in
conduct which endangers the physical or emotional well-being of the child." See Tex. Fam.
Code Ann. § 161.001(1)(E) (Vernon 2002). Unlike section (D), the focus is exclusively on
the parent's conduct, not the child's environmental surroundings. In re P.S., 766 S.W.2d
833, 835 (Tex. App.-Houston [1st Dist.] 1989, no writ). To support a finding under section
(E), the evidence must show that the parent engaged in a course of conduct which
endangered the children's physical and emotional well-being. Tex. Dep't of Human Servs.
v. Boyd, 727 S.W.2d 531, 534 (Tex.1987) (applying section 15.02(1)(E), predecessor to
section 161.001(1)(E)); Smith, 801 S.W.2d at 251. The source of the danger to the
children must be the parent's conduct, both acts and omissions. Williams, 788 S.W.2d at
926. The term "endanger" means to expose to loss or injury; to jeopardize. In re M.C., 917
S.W.2d 268, 270 (Tex. 1996). The parent's acts do not have to be directed at the children,
nor do the children have to actually suffer injury, to constitute conduct dangerous to the
children's physical or emotional well-being. Id. The specific danger to the children need
not be established independently but may be inferred from the parental misconduct. In re
B.R., 950 S.W.2d 113, 119 (Tex. App.-El Paso 1997, no pet.), overruled in part on other
grounds, In re C.H., 89 S.W.3d at 26. 

 The evidence in this case shows that the child was removed from the home after
the Texas Department of Protective and Regulatory Services ("DPRS") determined that the
mother had a drinking problem and the child was left alone. After removal, the child was
diagnosed with neglect, failure to thrive, and Shaken Baby Syndrome. The child has
undergone surgery to remove fluid from the brain. As a result of these factors, she is
presently developmentally injured. 

 The evidence shows that appellant knew of the severity of the mother's drinking
problem, but nevertheless, often left the baby alone with her. Appellant has very limited
parenting skills, and despite efforts by DPRS to teach him parenting, he is still unaware of
the child's needs. Witnesses observing his visitations with the child testified that he did not
feed the child or change her diaper during visitations. In fact, when the child would show
signs of hunger, appellant was not cognizant of her needs and had to be told to give her
a bottle. 

 Further evidence was presented that Miguel Alaniz, Jr., appellant's son, would enter
appellant's home as if it was his own. He, too, is an alcoholic, and is believed to pose a
danger to the child. Testimony indicates that he became physically violent toward the
child's mother on three separate occasions, and appellant did nothing to prevent his son
from committing such acts. Although appellant has been told by DPRS to get his son out
of the home, at the time of trial, his son was still in the house.

 After viewing the evidence in the light most favorable to the verdict, we hold that the
evidence is legally sufficient to support the trial court's findings that appellant knowingly
placed or knowingly allowed the child to remain in conditions or surroundings which
endanger the physical or emotional well-being of the child and engaged in conduct or
knowingly placed the child with persons who engaged in conduct which endangers the
physical or emotional well-being of the child.

 After considering the record as a whole, we conclude the evidence is such that the
trial court could reasonably form a firm belief or conviction that appellant knowingly placed
or knowingly allowed the child to remain in conditions or surroundings which endanger the
physical or emotional well-being of the child and engaged in conduct or knowingly placed
the child with persons who engaged in conduct which endangers the physical or emotional
well-being of the child. Therefore, we hold the evidence is factually sufficient to support
the trial court's findings. Appellant's first and second issues are overruled.

 In light of our disposition of these issues, it is not necessary to address appellant's
remaining issue. See Tex. R. App. P. 47.1.

 The trial court's order of termination is affirmed. 


 FEDERICO G. HINOJOSA

 Justice



Opinion delivered and filed this the

28th day of August, 2003.