## In the Interest of J.M.C., a Child.

### No. 2–02–262–CV.

Court of Appeals of Texas, Fort Worth.

May 29, 2003.

Dean Swanda, Arlington, for appellant.

Tim Curry, Criminal D.A., Charles M. Mallin, Asst. Criminal D.A. and Chief of Appellate Section, Michael Casillas, Cindy M. Williams, Asst. D.A.'s, Fort Worth, for appellee.

PANEL F: CAYCE, C.J., DAY and WALKER, JJ.

## OPINION

PER CURIAM.

### Introduction

Jessica C. appeals from the termination of her parental rights in her child, J.M.C. In seven issues, appellant asserts that the termination decree is void because the trial court lost jurisdiction over the case by failing to hold a full adversary hearing or properly extend the temporary order giving the Texas Department of Protective and Regulatory Services (TDPRS) posses-

sion of J.M.C.; the trial court improperly denied appellant's motion for new trial on these grounds; and the trial court improperly failed to appoint appellant counsel before the first adversary hearing, in violation of the Texas Family Code and appellant's constitutional rights to due process and equal protection. We will affirm.

### Background Facts and Procedural History

Appellant gave birth to J.M.C. on April 6, 2001. J.M.C. tested positive for cocaine, heroin, and methadone, and appellant admitted using both cocaine and heroin just four days before J.M.C.'s birth. Consequently, on April 12, 2001, TDPRS filed a dual petition to protect J.M.C. and to terminate appellant's parental rights.

The same day, the trial court entered an ex parte order appointing TDPRS as J.M.C.'s temporary managing conservator and directing that a full adversary hearing be held on April 23, 2001 to provide for J.M.C.'s care and protection. Meanwhile, appellant had been released from the hospital. Although a Child Protective Services (CPS) caseworker had some contact with appellant at the hospital and by telephone, appellant could not be located for service of process. On April 23, the trial court extended the April 12 temporary order until appellant could be served and request an adversary hearing.

The trial court held a status hearing on May 23, 2001, but appellant had not yet been served with process and did not appear at the hearing. Appellant was finally located on June 7 and served with process on June 18, 2001. Appellant met with Kathleen Chittenden, a CPS caseworker, on June 18, and also visited J.M.C. that day. Thereafter, Chittenden had only sporadic telephone contact with appellant until May 2002. Appellant did not respond to most of the messages Chittenden left on

appellant's pager or with friends, and a certified letter that Chittenden sent appellant in August 2001 was returned. Appellant did contact Chittenden by telephone once each in July and August 2001 and then again in March 2002. However, appellant did not keep any of the appointments that she scheduled, and she made no more attempts to visit J.M.C. Appellant also failed to appear at permanency hearings on September 27, 2001 and January 31, 2002, although she was properly notified of the hearings. Appellant finally appeared for a permanency hearing on May 16, 2002. On that date, the trial court appointed an attorney to represent appellant and reset the trial on termination, which had been scheduled for May 21, for July 23, 2002. Appellant's parental rights were terminated following the July 23 trial. The trial court never held the full adversary hearing that was rescheduled on April 23, 2001.

### Trial Court's Jurisdiction

In her first three issues, appellant contends that the trial court lost jurisdiction over the case when it failed to hold a full adversary hearing by the fourteenth day after TDPRS took possession of J.M.C. pursuant to the ex parte temporary order and when it failed to extend the temporary order in accordance with Rule 680 of the Texas Rules of Civil Procedure. Appellant further contends that the trial court lost jurisdiction because the temporary order expired sometime between April 26 and May 7 when Rule 680 was not complied with. Appellant asserts that the trial court should have returned J.M.C. to her because TDPRS had no legal basis to keep J.M.C. after the order expired. Alternatively, appellant contends that Rule 680 and section 263.401(d) of the family code required the trial court to dissolve the temporary order and render a final order

returning J.M.C. to her when TDPRS did not proceed with the full adversary hearing, even though appellant never asked the trial court to do so. In her fourth issue, appellant contends that the trial court erred in denying her motion for new trial on these grounds.

The family code authorizes TDPRS to obtain a temporary possession order ex parte in certain circumstances, and appellant concedes that the temporary order was properly obtained in this case. *See* TEX. FAM.CODE ANN. §§ 262.101–.102 (Vernon 2002). The temporary order expires fourteen days after the date it is issued unless it is extended as provided by the Texas Rules of Civil Procedure. *Id.* § 262.103. The trial court is also required to hold a full adversary hearing not later than the fourteenth day after TDPRS takes possession of the child pursuant to an ex parte temporary order. *Id.* § 262.201(a).

■ We have held that section 262.201(a)'s requirement that the trial court hold a full adversary hearing within fourteen days of issuing an ex parte possession order is procedural, not jurisdictional. *In re E.D.L.*, 105 S.W.3d 679, 684 (Tex.App.-Fort Worth 2003, pet. filed). If a full adversary hearing is not held within fourteen days, the remedy for both the parents and TDPRS is to compel the trial court by mandamus to conduct the adversary hearing promptly. *Id.* at 689. The trial court does not, however, lose jurisdiction over the case. *Id.*

■ Likewise, we have held that the provisions in family code section 263.401[1] governing the deadlines for rendering a final order in a termination proceeding are procedural, not jurisdictional. *In re J.B.W.*, 99 S.W.3d 218, 222–24 (Tex.App.-Fort Worth 2003, pet. filed); *see also* TEX.

FAM.CODE ANN. § 263.402(b). If a party wants the trial court to dismiss the termination proceeding and render a final order returning the child to her under section 263.401, she must make her request before TDPRS introduces all of its evidence at the trial on termination; otherwise, a complaint about the trial court's failure to dismiss under section 263.401 is waived. TEX. FAM.CODE ANN. § 263.402(b); *see also J.B.W.*, 99 S.W.3d at 222 (holding that appellant who failed to timely move to dismiss termination suit waived right to object to trial court's failure to dismiss).

■ Moreover, the expiration of a temporary restraining order under Rule 680 does not deprive a trial court of jurisdiction over the subject matter of the order. *See Hughes v. Anthony*, No. 01–88–998–CV, 1988 WL 117205, at *1 (Tex.App.-Houston [1st Dist.] 1988, orig. proceeding) (not designated for publication); *Arvol D. Hays Constr. Co. v. R & M Agency Corp.*, 471 S.W.2d 628, 629 (Tex.Civ.App.-Fort Worth 1971, writ ref'd n.r.e.); *Parker v. State*, 161 S.W.2d 319, 321 (Tex.Civ.App.-Waco 1942, writ ref'd) (all holding that expiration of TRO did not deprive trial court of jurisdiction to consider and grant application for temporary injunction on subject matter of TRO).

■ In short, nothing in section 262.201, section 263.401, or Rule 680 deprives a trial court of jurisdiction over a termination proceeding simply because a temporary possession order has expired or the trial court does not hold a full adversary hearing. In addition, appellant did not seek mandamus relief to compel the trial court to hold the full adversary hearing, nor did she timely complain about the trial court's failure to dismiss the termination proceeding under section 263.401.

---

1. TEX. FAM.CODE ANN. § 263.401.

Because the trial court did not lose jurisdiction over the termination proceeding and appellant did not properly raise her other complaints, we overrule appellant's first four issues.

### Section 107.013(a)(1)

In her fifth issue, appellant contends that the trial court's failure to appoint her an attorney immediately after suit was filed and before the first adversary hearing violated section 107.013 of the family code. Appellant asserts that TDPRS's failure to attach to the termination petition an affidavit showing that appellant had voluntarily relinquished her parental rights informed the trial court that appellant was contesting the termination proceeding, thereby triggering the trial court's duty to immediately determine appellant's indigent status and appoint her counsel.

■ The family code requires the trial court to appoint counsel to represent an indigent parent in a termination proceeding where the parent responds in opposition to the termination. TEX. FAM.CODE ANN. § 107.013(a)(1). Construing section 107.013(a)(1) as we must, according to the ordinary meaning of its terms,[2] we hold that documents omitted from TDPRS's petition for termination are not a "respon[se] in opposition to the termination" from an indigent parent. Id. Accordingly, TDPRS's failure to attach an affidavit of relinquishment to its termination petition did not give rise to a trial court duty to determine appellant's indigent status or appoint appellant counsel under section 107.013(a)(1).

■ When appellant finally appeared before the trial court for the first time—for a permanency hearing on May 16, 2002—the trial court immediately appointed an attorney to represent her. We hold that the trial court's appointment of counsel in May 2002 complied with section 107.013(a)(1). Id.; see also In re M.J.M.L., 31 S.W.3d 347, 354 (Tex.App.-San Antonio 2000, pet. denied) (holding that trial court's appointment of counsel six months into termination proceeding, rather than immediately after suit was filed, did not violate section 107.013(a)(1)). We overrule appellant's fifth issue.

### Due Process

In her sixth issue, appellant contends that the trial court violated her federal right to due process by failing to determine at the "earliest possible time" whether she was indigent and in need of appointed counsel. Appellant contends that the arguments raised in her first four issues demonstrate her critical need for counsel during the early stages of the termination proceeding.

■ Due process does not require the appointment of counsel for an indigent parent in every termination proceeding. *Lassiter v. Dep't of Soc. Servs.*, 452 U.S. 18, 31–32, 101 S.Ct. 2153, 2162, 68 L.Ed.2d 640 (1981); *In re K.L.*, 91 S.W.3d 1, 5 (Tex.App.-Fort Worth 2002, no pet.). Rather, the decision of what due process, or "fundamental fairness," requires depends upon the facts and circumstances of a given case and is best left to the trial court, subject to appellate review. *Lassiter*, 452 U.S. at 24–25, 32, 101 S.Ct. at 2158, 2162; *M.J.M.L.*, 31 S.W.3d at 354.

---

**2.** Although we are to strictly construe involuntary termination statutes in favor of parents, our primary objective in statutory construction is to determine and give effect to the legislature's intent by giving the words used in the statute their ordinary meaning. *Phillips v. Beaber*, 995 S.W.2d 655, 658 (Tex. 1999); *Holick v. Smith*, 685 S.W.2d 18, 20 (Tex.1985); *see also* TEX. GOV'T CODE ANN. § 312.002(a) (Vernon 1998).

In addition, a court deciding whether due process requires the appointment of counsel need not ignore a parent's plain demonstration that she is not interested in attending a hearing. *Lassiter,* 452 U.S. at 33, 101 S.Ct. at 2163.

■ In this case, after appellant was served with process in June 2001, she ignored most of CPS's attempts to contact her, broke all of her scheduled appointments with CPS, did not attempt to visit J.M.C., and failed to appear at permanency hearings in September 2001 and January 2002, even though she had notice of the hearings. Despite appellant's surmise on appeal that she may have made informed, and therefore better, decisions if she had enjoyed the early advice of counsel, virtually all of appellant's actions for eleven months after she was served with process are evidence that she was not interested in participating in the termination proceeding. When she finally did appear at a hearing in May 2002, the trial court immediately appointed her counsel and postponed the trial on termination for two months. Under these circumstances, we hold that the trial court did not violate appellant's due process rights by failing to determine her indigent status and appoint her counsel before her initial appearance at the May 16, 2002 permanency hearing. We overrule appellant's sixth issue.

### Equal Protection

In her seventh issue, appellant contends that the family code provisions governing the appointment of counsel for parents and children in termination proceedings, as applied to her, violate her federal right to equal protection because all children are immediately entitled to appointed counsel, and therefore greater protection, than parents, who are only entitled to appointed counsel under certain circumstances. Appellant asserts that these different provisions infringe on her parental rights in J.M.C., which are fundamental, constitutional rights, and that the family code provisions are therefore subject to strict scrutiny. Appellant further contends that section 107.013(a)(1) violates her equal protection rights because it arbitrarily provides for the appointment of attorneys for some indigent parents—those who appear to formally oppose the termination—but not for others—those who do not appear.[3]

■ The Equal Protection Clause provides that no state shall "deny to any person within its jurisdiction the equal protection of the laws," which is essentially a directive that all persons similarly situated should be treated alike. U.S. Const. amend. XIV, § 1; *City of Cleburne v. Cleburne Living Ctr.,* 473 U.S. 432, 439, 105 S.Ct. 3249, 3254, 87 L.Ed.2d 313 (1985). To assert an equal protection claim, however, a party must establish that the challenged statute resulted in her being treated differently than other similarly situated parties. *Sanders v. Palunsky,* 36 S.W.3d 222, 225 (Tex.App.-Houston [14th Dist.] 2001, no pet.).

When TDPRS petitions to terminate the parent-child relationship, section 107.012 of the family code requires the trial court to appoint an attorney to represent the child immediately after the suit is filed, but before the full adversary hearing. Tex. Fam.Code Ann. § 107.012. The purpose of this requirement is to ensure adequate representation of the child. *Id.* The trial

---

**3.** Appellant also contends that section 107.013(a)(1), as applied to her, violates her due process rights. Because we have held that the trial court did not violate appellant's due process rights by waiting to appoint counsel until appellant appeared before the court, we will not address this argument.

court is also required to appoint an attorney to represent an indigent parent, if the indigent parent responds in opposition to the termination. *Id.* § 107.013(a)(1). Section 107.013 contains no timetable for appointing the attorney to represent the parent. *Id.*

Appellant's comparison of the right to counsel in sections 107.012 and 107.013 does not state an equal protection claim because minor children and parents are not similarly situated. In this case, for example, appellant cannot seriously argue that J.M.C., who was only days old when the termination suit was filed, was similarly situated to her. Minor children have neither the funds nor the ability to hire an attorney, nor are they able to represent themselves in a termination proceeding. *See id.* §§ 31.001, 31.006 (providing that only a minor age 16 or older whose disabilities of minority have been removed has the ability to contract), § 107.012 (mandating representation of child by attorney ad litem in termination proceeding).

Some parents, on the other hand, do have the funds to hire an attorney, and parents have the right to represent themselves if they so choose. *See* Tex.R. Civ. P. 7 (providing that any party to a suit may appear in person and prosecute or defend her rights therein). In addition, the family code allows the parent to voluntarily end the parent-child relationship or to oppose termination, but neither of these options is available to the child. *See* Tex. Fam.Code Ann. § 107.013(a)(1) (allowing parent to respond in opposition to termination), § 161.103 (allowing parent to voluntarily relinquish parental rights). Because minor children and parents are not similarly situated, appellant's equal protection claim based on the difference between sections 107.012 and 107.013(a)(1) fails. *See, e.g., Sanders*, 36 S.W.3d at 225 (holding that equal protection challenge to Texas Civil

Practice & Remedies Code chapter 14 lacked merit because claim merely compared indigent and nonindigent inmates, who were not similarly situated); *Smith v. State*, 898 S.W.2d 838, 847 (Tex.Crim.App.) (rejecting equal protection challenge that compared capital and noncapital defendants because such defendants were not similarly situated), *cert. denied*, 516 U.S. 843, 116 S.Ct. 131, 133 L.Ed.2d 80 (1995).

Further, despite appellant's arguments to the contrary, section 107.013(a)(1) treats all similarly situated persons—indigent parents—the same. Any indigent parent who desires appointed counsel must respond in opposition to the termination. Tex. Fam.Code Ann. § 107.013(a)(1); *see also Sanders*, 36 S.W.3d at 225 (holding that chapter 14 of Texas Civil Practice & Remedies Code, which requires all indigent inmates to comply with special filing and time limit requirements, treats all similarly situated persons—indigent inmates—equally). We overrule appellant's seventh issue.

### Conclusion

Having overruled all of appellant's issues, we affirm the trial court's judgment.