COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH

NO. 
2-02-451-CV

IN THE INTEREST OF S.J.G., A CHILD 
 
------------
 
FROM 
THE COUNTY COURT AT LAW OF PARKER COUNTY 
 
------------
 
OPINION
 
------------
I. Introduction
        Appellant R.H. appeals from the trial court’s order terminating his parental 
rights to S.J.G. In seven issues, Appellant claims that section 263.405 of the 
Texas Family Code violates his due process and equal protection rights under 
the United States Constitution; the trial court lacked jurisdiction because the 
Texas Department of Protective and Regulatory Services (TDPRS) failed to 
procure a written order within fourteen days after the hearing in which the trial 
court orally terminated Appellant’s rights; and the evidence is factually 
insufficient to support the findings under section 161.001(1)(D), (E), (L), and 
(Q) of the family code. Tex. Fam. Code Ann. §§ 161.001(1)(D), (E), (L), (Q); 
263.405 (Vernon 2002). We affirm. 
II. Factual Background
        After Appellant pleaded guilty to sexually assaulting S.J.G. and was 
sentenced to thirty-five years’ confinement, the State petitioned the county 
court to terminate Appellant’s parental rights over S.J.G. S.J.G. was six years 
old at the time the court terminated Appellant’s parental rights. Appellant 
argued at the termination hearing that he was fooled into pleading guilty and 
that he had never sexually assaulted S.J.G. Appellant further claimed that he 
did not remember making a voluntary oral confession to the police. Appellant 
stated that he had been drinking at the time the confession was made and that 
he did not remember the entirety of his conversation with the police. 
        The evidence shows that Appellant made the confession and was not 
under arrest at the time. Appellant further stated in his second interview with 
the police that he was living with two roommates and that these two men 
might have sexually assaulted S.J.G. and then attempted to frame him for the 
crime. Based on Appellant’s guilty plea, his voluntary confession, and other 
evidence, the trial court terminated Appellant’s parental rights. 
 
III. The Requirements of Section 263.405 
        In his first issue, Appellant asserts that a statement of points under family 
code section 263.405(b) “is not a jurisdictional requirement and is not needed 
for purposes of preserving error on appeal.” Tex. Fam. Code Ann. § 
263.405(b). Appellant alternatively contends in his second issue that if a 
statement of points is required to preserve error, then section 263.405(b), as
applied to the present facts, violates his due process and equal protection rights
under the United States Constitution. The TDPRS, on the other hand, contends
that Appellant waived all nonjurisdictional issues, including the factual
sufficiency issues he raises in his fourth through seventh issues, by failing to
file a statement of points pursuant to family code section 263.405(b). Id. We 
have previously held that a party who files a statement of issues under section 
263.405(b), but fails to include a particular issue, does not waive that issue on 
appeal unless the opponent shows prejudice. See In re W.J.H., 111 S.W.3d 
707, 712 (Tex. App.—Fort Worth 2003, pet. filed) (holding that strict 
compliance with section 263.405(b) is not required to bring an issue on appeal). 
We left open the question of whether the absolute failure to file a statement of 
points would waive a nonjurisdictional issue on appeal. Id. We will answer that 
question today. 
 

 
        Statutory interpretation is a question of law. In re Canales, 52 S.W.3d 
698, 701 (Tex. 2001). Our primary goal is to ascertain and effectuate the 
legislature's intent. Albertson's, Inc. v. Sinclair, 984 S.W.2d 958, 960 (Tex. 
1999). In doing so, we begin with the statute's plain language because we 
assume that the legislature tried to say what it meant and, thus, that its words 
are the surest guide to its intent. Fitzgerald v. Advanced Spine Fixation Sys., 
Inc., 996 S.W.2d 864, 865-66 (Tex. 1999). To ascertain legislative intent, 
however, we must look to the statute as a whole and not to its isolated 
provisions. Morrison v. Chan, 699 S.W.2d 205, 208 (Tex. 1985); Tex. Dep't 
of Banking v. Mount Olivet Cemetery Ass'n, 27 S.W.3d 276, 283 (Tex. 
App.—Austin 2000, pet. denied). In ascertaining legislative intent, we do not 
confine our review to isolated statutory words, phrases, or clauses, but we 
instead examine the entire act. Meritor Auto., Inc. v. Ruan Leasing Co., 44 
S.W.3d 86, 90 (Tex. 2001). We may also consider, among other things, the 
statute's objectives; common law, former law, and similar provisions; and the 
consequences of the statutory construction. Tex. Gov’t Code Ann. § 
311.023(1)-(7) (Vernon 1998); Canales, 52 S.W.3d at 702. 
        It is a well-settled rule of statutory construction that every word of a 
statute must be presumed to have been used for a purpose. In re Bell, 91 
S.W.3d 784, 790 (Tex. 2002) (quoting Cameron v. Terrell & Garrett, Inc., 618 
S.W.2d 535, 540 (Tex. 1981)). Likewise, every word excluded from a statute 
must also be presumed to have been excluded for a purpose. Id. This rule 
complements another general statutory construction principle that courts should 
not insert words into a statute except to give effect to clear legislative intent. 
Id. (citing Laidlaw Waste Sys., Inc. v. City of Wilmer, 904 S.W.2d 656, 659 
(Tex. 1995)). 
        Moreover, a court of appeals should presume the legislature intended a 
just and reasonable result in enacting a statute. In re D.R.L.M., 84 S.W.3d 
281, 290 (Tex. App.—Fort Worth 2002, pet. denied). An appellate court 
should not construe a statute in a manner that will lead to a foolish or absurd 
result when another alternative is available. Id. 
Section 263.405 of the family code provides, in pertinent part:
(a) An appeal of a final order rendered under this
subchapter is governed by the rules of the supreme
court for accelerated appeals in civil cases and the
procedures provided by this section. The appellate
court shall render its final order or judgment with the
least possible delay.
 
(b) Not later than the 15th day after the date a final 
order is signed by the trial judge, a party intending to 
appeal the order must file with the trial court a 
statement of the point or points on which the party 
intends to appeal. The statement may be combined 
with a motion for a new trial. 
 
(c) A motion for a new trial, a request for findings of 
fact and conclusions of law, or any other post-trial 
motion in the trial court does not extend the deadline 
for filing a notice of appeal under Rule 26.1(b), Texas 
Rules of Appellate Procedure, or the deadline for filing 
an affidavit of indigence under Rule 20, Texas Rules of 
Appellate Procedure. 
 
(d) The trial court shall hold a hearing not later than the 
30th day after the date the final order is signed to
determine whether:
 
(1) a new trial should be granted; 
 
(2) a party’s claim of indigence, if any, should be 
sustained; and 
 
(3) the appeal is frivolous as provided by Section 
13.003(b), Civil Practice and Remedies Code. 
 
(e) If a party claims indigency and requests the 
appointment of an attorney, the court shall require the 
person to file an affidavit of indigency and shall hear 
evidence to determine the issue of indigency. If the 
court does not render a written order denying the claim 
of indigence or requiring the person to pay partial costs 
before the 36th day after the date the final order being 
appealed is signed, the court shall consider the person 
to be indigent and shall appoint counsel to represent
the person.
 
. . . . 
 
(g) The appellant may appeal the court’s order denying 
the appellant’s claim of indigence or the court’s finding 
that the appeal is frivolous by filing with the appellate 
court the reporter’s record and clerk’s record of the 
hearing held under this section, both of which shall be 
provided without advance payment, not later than the 
10th day after the date the court makes the decision. 
The appellate court shall review the records and may 
require the parties to file appellate briefs on the issues 
presented, but may not hear oral argument on the 
issues. The appellate court shall render appropriate 
orders after reviewing the records and appellate briefs, 
if any. 
 
(h) Except on a showing of good cause, the appellate 
court may not extend the time for filing a record or 
appellate brief. 
Tex. Fam. Code Ann. § 263.405(a), (b), (c), (d), (e), (g), (h). (emphases added). 
        A statutory construction analysis begins with a review of the plain 
language of section 263.405 as a whole, refusing to focus on only isolated 
words, phrases, and sections, but instead looking to the act as a whole. See 
Meritor Auto., Inc., 44 S.W.3d at 90. This review makes it clear that the 
legislature’s intent in enacting family code section 263.405 was to provide a 
mechanism to reduce frivolous parental-termination appeals and to reduce post-judgment appellate delays in parental-termination appeals. See D.R.L.M., 84 
S.W.3d at 290. The obvious purpose of subsection (b)’s statement of points 
is to enable the trial court to determine whether under subsection (d) an appeal 
from a judgment terminating an individual’s parental rights is frivolous. Tex. 
Fam. Code Ann. § 263.405(d). A trial court would have no way of complying 
with subsection (d)’s requirement to “hold a hearing not later than the 30th day
after the date the final order is signed to determine whether . . . the appeal is
frivolous” except by reviewing the statement of points filed by the appellant. 
Id. (emphasis added). Under section 263.405(g), a statutory scheme setting
time limits for filing the reporter’s record exists for the parent to appeal the trial 
court’s determination that the appeal is frivolous. Id. § 263.405(g). And 
subsection (h) requires a party to show good cause to obtain a briefing 
extension. Id. § 263.405(h). Thus, viewing section 263.405 as a whole, the 
apparent legislative intent behind the statutory statement of points requirement 
is to give the trial court some way to determine whether an appeal is frivolous 
and thereby eliminate unmeritorious parental-termination appeals. Id. § 
263.405(d).
        Looking to section 263.405's objectives and to similar provisions, these 
factors also support the conclusion that the legislature did not intend for the 
failure to file a statement of points to constitute a waiver of all nonjurisdictional 
defects on appeal. See Tex. Gov’t Code Ann. § 311.023(1)-(7). Section 
263.405's objectives are to address post-judgment delays, correct provisional 
inconsistencies, and provide a mechanism through which a party can compel 
the trial court to timely set the case for final trial. D.R.L.M., 84 S.W.3d at 290. 
Section 263.405 accomplishes the legislature’s intent to address post-judgment 
delays in parental-termination appeals by making them accelerated under rule 
28.1 of the rules of appellate procedure. Tex. Fam. Code Ann. § 263.405(a); 
Tex. R. App. P. 28.1. The statute also reduces post-judgment delays in 
parental-termination appeals by providing that no post-trial motions will be 
effective to extend the time to file a notice of appeal in a parental-termination 
case. Tex. Fam. Code Ann. § 263.405(c). The statute prohibits the appellate 
court from granting briefing extensions in a parental-termination appeal absent 
a showing of good cause, reducing post-judgment delays in parental-termination 
appeals. Id. § 263.405(h). Finally, section 263.405 reduces post-judgment 
delays in parental-termination appeals by authorizing the trial court to weed out 
frivolous parental-termination appeals. Id. § 263.405(d), (g). The parent may 
then appeal the frivolousness determination instead of the underlying case. Id. 
        Accordingly, section 263.405 focuses on reducing some time period 
involved in parental-termination appeals, from final judgment through final 
appellate disposition, or on reducing post-judgment delays by having the trial 
court make a pre-appeal determination as to whether the appeal is frivolous. 
Construing noncompliance with subsection (b) as a waiver of all 
nonjurisdictional appellate issues does not reduce any post-judgment appellate 
time period and does not weed out frivolous parental-termination appeals. 
Appellant’s appeal would have taken the same amount of time to be submitted
to this court regardless of whether he had waived nonjurisdictional defects. 
Furthermore, we do not know whether Appellant’s appeal is frivolous because
the trial court never made a frivolousness determination.
        A plain reading of section 263.405 as a whole demonstrates that the 
legislature intended that a parent whose parental rights have been terminated 
receive either: (1) a normal accelerated appeal, unlimited by his statement of 
points, after a finding by the trial court that the appeal is not frivolous; or (2) 
an appeal from the trial court’s determination that the appeal is frivolous. Id. 
§ 263.405(b), (d). Therefore, we hold that under the facts of this case, 
Appellant’s failure to file a statement of points is not a jurisdictional defect that 
prevents this court from addressing his issues on appeal. 


 We sustain 
Appellant’s first two issues to the extent they presumed his appeal was so
constrained. As a result of this disposition, we need not reach Appellant’s
constitutional challenges to the family code. 
                                 IV. Jurisdictional Challenge 
        Appellant alleges in his third issue that the trial court lost jurisdiction 
fourteen days after the TDPRS took possession of S.J.G. because the trial court 
did not sign the order terminating Appellant’s rights until over a month after the 
TDPRS took temporary possession of S.J.G. Appellant claims that the trial 
court failed to follow the mandates of section 262.201(c) of the Texas Family 
Code. Tex. Fam. Code Ann. § 262.201(c). Appellant argues that the trial 
court’s alleged failure to issue an appropriate temporary order required under 
section 262.201(c) deprived the trial court of jurisdiction and that all orders 
after the trial court lost jurisdiction are void. 
        We have recently ruled that section 262.201 is procedural and not 
jurisdictional. See In re J.M.C., 109 S.W.3d 591, 594 (Tex. App.—Fort Worth 
2003, no pet) (holding that no requirement under section 262.201 deprives a 
trial court of jurisdiction simply because a temporary possession order has 
expired); see also In re E.D.L., 105 S.W.3d 679, 688 (Tex. App.—Fort Worth 
2003, pet. filed) (holding that the fourteen-day requirement for a hearing over 
termination once the State has temporarily taken custody of the child in issue 
is procedural in nature and does not deprive the trial court of jurisdiction). 
Therefore, we overrule Appellant’s third issue. 
V. Factual Sufficiency of the Evidence
        In Appellant’s fourth through seventh issues on appeal, he claims that the 
evidence was factually insufficient to support the findings under section 
161.001(1)(D), (E), (L), and (Q). Tex. Fam. Code Ann. § 161.001(1)(D), (E), (L), 
(Q). A parent’s rights to “the companionship, care, custody and management” 
of his or her children are constitutional interests “far more precious than any 
property right.” Santosky v. Kramer, 455 U.S. 745, 758-59, 102 S. Ct. 1388, 
1397 (1982). “While parental rights are of constitutional magnitude, they are 
not absolute. Just as it is imperative for courts to recognize the constitutional 
underpinnings of the parent-child relationship, it is also essential that emotional 
and physical interests of the child not be sacrificed merely to preserve that 
right.” In re C.H., 89 S.W.3d 17, 26 (Tex. 2002). In a termination case, the 
State seeks not just to limit parental rights but to end them permanently—to 
divest the parent and child of all legal rights, privileges, duties, and powers 
normally existing between them, except for the child’s right to inherit. TEX. 
FAM. CODE ANN. § 161.206(b) (Vernon 2002); Holick v. Smith, 685 S.W.2d 18, 
20 (Tex. 1985). We strictly scrutinize termination proceedings and strictly 
construe involuntary termination statutes in favor of the parent. Holick, 685 
S.W.2d at 20-21; In re D.T., 34 S.W.3d 625, 630 (Tex. App.—Fort Worth 
2000, pet. denied) (op. on reh’g). 
        In proceedings to terminate the parent-child relationship brought under 
section 161.001 of the family code, the petitioner must establish one or more 
of the acts or omissions enumerated under subdivision (1) of the statute and 
must also prove that termination is in the best interest of the child. TEX. FAM. 
CODE ANN. § 161.001; Richardson v. Green, 677 S.W.2d 497, 499 (Tex. 
1984); Swate v. Swate, 72 S.W.3d 763, 766 (Tex. App.—Waco 2002, pet. 
denied). Both elements must be established; termination may not be based 
solely on the best interest of the child as determined by the trier of fact. Tex. 
Dep’t of Human Servs. v. Boyd, 727 S.W.2d 531, 533 (Tex. 1987). 
        Termination of parental rights is a drastic remedy and is of such weight 
and gravity that due process requires the petitioner to justify termination by 
“clear and convincing evidence.” TEX. FAM. CODE ANN. §§ 161.001, 
161.206(a); In re G.M., 596 S.W.2d 846, 847 (Tex. 1980). This intermediate 
standard falls between the preponderance standard of ordinary civil proceedings 
and the reasonable doubt standard of criminal proceedings. G.M., 596 S.W.2d 
at 847; D.T., 34 S.W.3d at 630. It is defined as the “measure or degree of 
proof that will produce in the mind of the trier of fact a firm belief or conviction 
as to the truth of the allegations sought to be established.” Tex. Fam. Code 
Ann. § 101.007 (Vernon 2002). 
        This higher burden of proof in termination cases alters the appellate 
standard of factual sufficiency review. C.H., 89 S.W.3d at 25. “[A] finding 
that must be based on clear and convincing evidence cannot be viewed on 
appeal the same as one that may be sustained on a mere preponderance.” Id. 
In considering whether the evidence of termination rises to the level of being 
clear and convincing, we must determine “whether the evidence is such that 
a factfinder could reasonably form a firm belief or conviction” that the grounds 
for termination were proven. Id. Our inquiry here is whether, on the entire 
record, a factfinder could reasonably form a firm conviction or belief that the 
parent violated one of the conduct provisions of section 161.001(1) and that 
the termination of the parent’s parental rights would be in the best interest of 
the child. Id. at 28. 
        The trial court found that termination was appropriate in this case under 
section 161.001(1)(D), (E), (L), and (Q). The relevant parts of this section 
state:
The court may order termination of the parent-child
relationship if the court finds by clear and convincing evidence:
 
                (1) that the parent has: 
 
                . . . . 
 
(D) knowingly placed or knowingly allowed the child to 
remain in conditions or surroundings which endanger the physical 
or emotional well-being of the child; 
 
(E) engaged in conduct or knowingly placed the child with 
persons who engaged in conduct which endangers the physical or 
emotional well-being of the child; 

                . . . . 
 
(L) been convicted or has been placed on community 
supervision, including deferred adjudication community supervision, 
for being criminally responsible for the death or serious injury of a 
child under the following sections of the Penal Code or adjudicated 
under Title 3 for conduct that caused the death or serious injury of 
a child and that would constitute a violation of one of the following 
Penal Code sections: 

                         . . . . 
 
(iv) Section 21.11 (indecency with a child); 

                         . . . . 
 
(viii) Section 22.021 (aggravated sexual assault); 
 
(ix) Section 22.04 (injury to a child, elderly 
individual, or disabled individual); 

        [or] 

                         . . . . 
 
(Q) knowingly engaged in criminal conduct that has resulted 
in the parent's: 
 
                         (i) conviction of an offense; and 
 
(ii) confinement or imprisonment and inability to care 
for the child for not less than two years from the date 
of filing the petition. 

TEX. FAM. CODE ANN. § 161.001(1)(D), (E), (L), (Q). 
        The evidence at trial showed that Appellant had repeatedly sexually 
assaulted his four-year-old daughter. Dana Perry, an investigator for the 
TDPRS, testified regarding an outcry statement made by S.J.G. S.J.G. told 
Perry that Appellant put “his butt” in her butt and in her mouth and also put his 
mouth on her butt. Perry further testified that when S.J.G. used the word 
“butt” to describe Appellant’s body parts, it referenced Appellant’s penis. 
        Chris Crawford was a detective with the Weatherford Police Department 
and interviewed Appellant about the charges of sexual assault at Child 
Protective Services. Appellant told Crawford about the abuse in detail. 
Appellant said that he had put his penis in S.J.G.’s mouth ten times or less and 
put his finger in her anus on at least two occasions. Appellant further 
confessed that he had S.J.G. masturbate him on a number of occasions. 
Appellant stated that over the three-month period in which S.J.G. lived with 
him, he had sexually assaulted her eight times. Appellant stated that he just 
could not overcome his urges, in response to Crawford’s questioning him as to 
why he did it. At Appellant’s criminal trial for aggravated sexual assault of a 
child, he pleaded guilty and received a thirty-five year sentence. 
        Appellant points to evidence in the record that he claims contradicts the 
State’s proof at trial. Appellant claims that he was “in the middle of filing” a 
petition for writ of habeas corpus and that this writ could result in the reversal 
of his conviction. Appellant states that he does not remember confessing to 
Crawford but that he might have done so because he was drunk during that 
period of time. Regardless of whether Appellant confessed to the crime, he 
claims that he did not do it. Appellant then alleges that he was forced to plead 
guilty by his lawyer at the criminal trial. Appellant further claims that his 
testimony in this case showed that someone else abused S.J.G. because she 
was having nightmares when he first got custody of her and before the alleged 
assaults occurred. Although this evidence contradicts some of the State’s 
evidence introduced at trial, the trier of fact is the exclusive judge of the 
credibility of the witnesses and the weight to be given to their testimony. In 
re D.G., 5 S.W.3d 769, 771 (Tex. App.—San Antonio 1999, no pet.). In cases 
where there is conflicting evidence, we will defer to the trier of fact’s judgment 
on which testimony to believe and which testimony to disbelieve. Id. The trial 
court, acting as the trier of fact, chose to believe the State’s witnesses and to 
disbelieve Appellant’s testimony. 
        We hold that the evidence is factually sufficient to prove by clear and 
convincing evidence that Appellant knowingly placed S.J.G. in conditions or 
surroundings that endangered her physical and emotional well-being and that 
Appellant engaged in conduct that endangered S.J.G.’s physical or emotional 
well-being. See TEX. FAM. CODE ANN. § 161.001(1)(D), (E). These two 
grounds were sufficient to justify the judgment in this case. Therefore, we 
overrule Appellant’s fourth and fifth issues. Having determined that factually 
sufficient evidence exists to support termination under section 161.001(1)(D) 
and (E), we need not address Appellant’s sixth and seventh issues. See Tex. 
R. App. P. 47.1.
VI. Conclusion
        Having determined that the trial court had jurisdiction over the 
proceedings and that the evidence was factually sufficient to support the trial 
court’s termination of Appellant’s rights, we affirm the trial court’s judgment. 
 

                                                          SAM J. DAY 
                                                          JUSTICE
 
PANEL B:   DAY, LIVINGSTON, and WALKER, JJ. 
 
DELIVERED: October 9, 2003