## JONES v. BANNER CREAMERY.
### No. 2682.

Court of Civil Appeals of Texas. Eastland.
Oct. 22, 1948.

William E. Greenlees, of Big Spring, for appellant.

James Little, of Big Spring, for appellee.

LONG, Justice.

Appellant instituted this suit against appellee in the Justice Court to recover damages to his automobile growing out of a collision with a truck belonging to appellee.

488

Appellant sued for $105.50 and recovered judgment in the amount of $50.

Counsel for appellant filed in the Justice Court, within the time provided by law and had approved by the Justice of the Peace, an appeal bond to which the name of appellant was signed by his attorney. In the County Court, appellant S. P. Jones, filed a plea to the jurisdiction setting out that he had failed and refused to execute the appeal bond and did not authorize his attorney to do so on his behalf and asked that the appeal be dismissed.

Upon a hearing, the court granted the said motion and dismissed the appeal. The trial court filed findings of fact and conclusions of law. The court found that the appeal bond filed in the Justice Court was signed "S. P. Jones, by William E. Greenlees, Attorney of Record," as principal. The court further found that S. P. Jones refused to personally sign the bond and stated to his attorney that he did not desire to proceed further with said case. The court concluded as a matter of law, that no proper appeal bond was executed or filed because the plaintiff refused to authorize the execution of same by his attorney and that the plea to the jurisdiction was proper and should be sustained. We believe the action of the trial court was correct.

■ An attorney does not have the right to appeal a case against the wishes or instructions of his client. 7 C.J.S., Attorney and Client, § 95, page 913. An attorney is not authorized, by virtue of his employment, to execute an appeal bond for his client. This is certainly true where it is conclusively established that the client instructs his attorney not to appeal the case and refuses to authorize him to sign his name to the appeal bond. 2 R.C.L., page 1007, Sec. 87.

■ S. P. Jones had a policy of insurance covering damage to his automobile by reason of a collision over and above the amount of $50. The automobile was damaged in the sum of $105, and the company paid Jones the sum of $55. Counsel makes the contention that this suit was in reality a suit by the insurance company for the reason that the company was subrogated to appellant's cause of action against the defendant by reason of the fact that the company had paid the damages sustained by the appellant to his automobile in the amount of $55.

It is true that in the proof of loss filed by Jones, it was provided that the company was subrogated to the rights and causes of action that Jones had against any person for damage arising out of or incident to said damage to his automobile. However, it is nowhere shown in the record that the cause of action herein was assigned to the insurance company. The insurance company was not a party to the suit; it never at any time became liable for any of the costs incurred in the prosecution of the suit. We are of the opinion that the contention of counsel on this point is not well taken and should be overruled.

■ The county court acquired no jurisdiction by reason of the filing of said appeal bond in the Justice Court, therefore, this court cannot acquire jurisdiction and the appeal is hereby dismissed.

Appeal dismissed.