

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-11-00417-CV

IN RE J.R.J.                                                                    RELATOR

----------

ORIGINAL PROCEEDING

----------

## OPINION

----------

## I. Introduction

In this original proceeding, we address whether the trial court abused its discretion by ordering Relator J.R.J.'s counsel not to file a notice of appeal on Relator's behalf unless Relator first communicated to counsel his desire to appeal the judgment terminating Relator's parental rights.  Because we hold that the trial court abused its discretion and that Relator has no adequate remedy by appeal, we conditionally grant the writ of mandamus.

## II. Background

The trial court signed a judgment on September 26, 2011, terminating Relator's parental rights to his three-year-old son.  Although represented by court-

appointed counsel, Relator did not appear at trial. On September 27, 2011, Relator's counsel filed a motion for substitution of counsel. Counsel stated in the motion that he is not on the Denton County Appellate Appointment list and requested that appellate counsel be appointed for Relator. Counsel also acknowledged in the motion that he had not been able to contact Relator. Department of Family and Protective Services (the Department) opposed the motion to substitute counsel, arguing at the September 29, 2011 hearing that appellate counsel should not be appointed until Relator expressed a desire to appeal and that a notice of appeal should not be filed until that time. On October 6, 2011, the trial court entered an order denying the motion to substitute counsel, finding that Relator's counsel had no duty to file a notice of appeal until hearing from Relator that he desired to appeal, and ordering Relator's counsel not to file a notice of appeal unless Relator first communicated his desire to appeal. A petition for a writ of mandamus and a motion for temporary relief were filed in this court the next day; we requested a response and issued an order staying the portions of the trial court's October 6 order concerning the notice of appeal. Relator's counsel thereafter timely filed a notice of appeal in the trial court on October 10, 2011.

## III. Standard of Review

Mandamus relief is proper only to correct a clear abuse of discretion when there is no adequate remedy by appeal. *In re Columbia Med. Ctr. of Las Colinas*, 290 S.W.3d 204, 207 (Tex. 2009) (orig. proceeding). A trial court clearly abuses its discretion when it reaches a decision so arbitrary and unreasonable as to

2

amount to a clear and prejudicial error of law. *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992) (orig. proceeding)*.* We give deference to a trial court's factual determinations, but we review the trial court's legal determinations de novo. *In re Labatt Food Serv., L.P.*, 279 S.W.3d 640, 643 (Tex. 2009) (orig. proceeding). A trial court abuses its discretion if it incorrectly interprets or improperly applies the law. *In re Dep't of Family & Protective Servs.*, 273 S.W.3d 637, 642–43 (Tex. 2009) (orig. proceeding); *Walker*, 827 S.W.2d at 840.

Absent extraordinary circumstances, mandamus will not issue unless relator lacks an adequate remedy by appeal. *In re Van Waters & Rogers, Inc.*,145 S.W.3d 203, 210–11 (Tex. 2004) (citing *Walker*, 827 S.W.2d at 839). Whether a clear abuse of discretion can be adequately remedied by appeal depends on a careful analysis of costs and benefits of interlocutory review. *In re McAllen Med. Ctr., Inc.*, 275 S.W.3d 458, 464 (Tex. 2008) (orig. proceeding). As this balance depends heavily on circumstances, it must be guided by analysis of principles rather than simple rules that treat cases as categories. *Id.* An appeal is inadequate for mandamus purposes when parties are in danger of permanently losing substantial rights, such as when the appellate court would not be able to cure the error, the party's ability to present a viable claim or defense is vitiated, or the error cannot be made part of the appellate record. *Van Waters & Rogers, Inc.*, 145 S.W.3d at 210–11; *Walker*, 827 S.W.2d at 843–44.

## IV. Discussion

Relator contends in his second issue that the trial court abused its discretion by ordering his counsel not to file a notice of appeal unless Relator first communicated to counsel his desire to appeal the judgment terminating his parental rights.

Government code section 22.221(a) provides that a court of appeals "may issue a writ of mandamus and all other writs necessary to enforce the jurisdiction of the court." Tex. Gov't Code Ann. § 22.221(a) (West 2004). As set forth below, disputes concerning notices of appeal are among the instances in which courts of appeals invoke their writ power to protect their jurisdiction.

For example, Rick Smith, an inmate, filed a negligence suit against the Texas Department of Criminal Justice–Institutional Division, and the trial court dismissed the lawsuit as frivolous. *See In re Smith*, 263 S.W.3d 93, 94 (Tex. App.—Houston [1st Dist.] 2006, orig. proceeding). Smith tendered a request for findings of fact and conclusions of law, a motion to reinstate, an amended petition, and a notice of appeal to the district clerk, but the clerk returned the documents, unfiled, to Smith with a handwritten notation that the case was closed and that the documents were not timely. *Id.* at 94, 95. The court held that the clerk had a mandatory, ministerial duty to file the documents and to forward the notice of appeal to the court of appeals without regard to their timeliness. *Id.* at 95–96 & n.3.

4

Relying in part on the First Court of Appeals's opinion and in part on government code section 22.221(a), the Waco Court of Appeals addressed a similar situation in *In re Smith*, 270 S.W.3d 783, 785, 787 (Tex. App.—Waco 2008, orig. proceeding). There, the trial court rendered an order declaring Clifford Smith to be a vexatious litigant. *Id.* at 784. After Smith tendered a letter expressing his desire to appeal the vexatious litigant order, the district clerk responded by letter that the clerk's office would not file any documents for Smith because of the trial court's vexatious litigant order. *Id.* at 784–85. The court of appeals held that the letter constituted a notice of appeal and that the district clerk abused its discretion by refusing to file the letter. *Id.* at 786–87. Importantly, however, the court also held as follows:

> Any contention that Smith's notice of appeal does not comply with the requirements of the appellate rules is for this Court to determine once that document has been filed by Respondent and forwarded to this Court in the customary manner Respondent and other trial court clerks forward notices of appeal to this Court.

*Id.* at 787 (citing *Smith*, 263 S.W.3d at 95, and *In re Washington*, 7 S.W.3d 181, 182 (Tex. App.—Houston [1st Dist.] 1999, orig. proceeding)). Similarly, the Dallas Court of Appeals granted a petition for writ of mandamus directing the trial court to order the district clerk to file a notice of appeal, effectively vacating the trial court's previous order that the clerk not file any further documents from a particular litigant. *In re Miller*, No. 05-98-01120-CV, 1998 WL 880959, at *1 (Tex. App.—Dallas Dec. 18, 1998, orig. proceeding) (not designated for publication).

In the criminal case of *Whitsitt v. Ramsay*, the trial court ordered the district clerk to "hold in abeyance any further preparation of the attempted appeal by the defendant" because the trial court questioned whether the defendant should have been permitted to appeal given a prior waiver of the right to appeal. *See* 719 S.W.2d 333, 334 (Tex. Crim. App. 1986) (orig. proceeding). Whitsitt contended by mandamus that "the trial court exceeded its authority by interfering with the appellate process." *Id.* The court of criminal appeals agreed and ordered the trial court to vacate its order instructing the clerk to "hold" the notice of appeal. *Id.*

Finally, in the criminal case of *In re Sistrunk*, 142 S.W.3d 497, 499 (Tex. App.—Houston [14th Dist.] 2004, orig. proceeding), Sistrunk pleaded guilty to manslaughter, but the victim's family members were unhappy with the plea-bargained sentence and filed a notice of appeal. The trial court ordered the parties to brief the propriety of the family members' attempted appeal, and the district attorney sought mandamus relief and argued that the trial court was acting without jurisdiction. *Id.* at 500. Granting mandamus relief, the court wrote, "If there is a question concerning the right to appeal certain matters, it is a matter within the jurisdiction of the court of appeals to decide and not within the jurisdiction of the trial court to decide." *Id.* at 500–01. The court also stated that "whether or not a notice of appeal is proper or effective" is a question for the court of appeals and that the trial court had "no authority to determine whether the notice of appeal filed by the [family members] is proper or effective because that determination lies within the court of appeals' jurisdiction." *Id.* at 501.

Here, the trial court ordered Relator's counsel not to file a notice of appeal until Relator communicated to counsel his desire to appeal. In doing so, the trial court agreed with, and took affirmative action to implement, the Department's argument that a notice of appeal should not be filed until Relator expressed a desire to appeal. But the question of whether Relator's counsel has the authority to file a notice of appeal is one for this court, not the trial court.[1] *See Smith*, 270 S.W.3d at 787; *see also Whitsitt*, 719 S.W.2d at 334; *Sistrunk*, 142 S.W.3d at 500–01. Therefore, the trial court abused its discretion by ordering Relator's counsel not to file a notice of appeal. And Relator has no adequate remedy by appeal because Relator might permanently lose the right to appeal the termination of his parental rights if the trial court's order is not vacated. *See Van Waters & Rogers, Inc.*, 145 S.W.3d at 210–11; *Walker*, 827 S.W.2d at 843–44; *In re Prof'l Pharmacy II*, No. 02-10-00163-CV, 2010 WL 3718946, at *4 (Tex. App.—Fort Worth Sept. 23, 2010, orig. proceeding) (mem. op.) (holding appellate remedy inadequate because party would lose substantial right to a jury trial); *see also* Tex. Fam. Code Ann. § 109.002(b) (West Supp. 2011) (granting parties the ability to appeal a parental rights termination order).

---

[1] We are aware that, generally, a court of appeals may only enforce or protect its jurisdiction by issuing a writ "after appellate jurisdiction has been invoked and thus becomes active." *In re Brown*, No. 07-11-00397-CV, 2011 WL 5105457, at *1 (Tex. App.—Amarillo Oct. 27, 2011, orig. proceeding) (citing *Winfrey v. Chandler*, 159 Tex. 220, 318 S.W.2d 59, 61 (1968), and *Bush v. Vela*, 535 S.W.2d 803, 804 (Tex. Civ. App.—Corpus Christi 1976, orig. proceeding)). This case is different, though, because the trial court entered an order prohibiting Relator's counsel from invoking our appellate jurisdiction.

The Department argues that Relator's counsel, through this original proceeding, is attempting "to implement a nonsensical application of the appellate process, one that would make an appeal automatic." But our holding should not be interpreted to in any way disturb the well-settled principle that the decision to appeal belongs to the litigant, not to the lawyer. *See, e.g., Jones v. Banner Creamery*, 214 S.W.2d 487, 488 (Tex. Civ. App.—Eastland 1948, no writ) ("An attorney does not have the right to appeal a case against the wishes or instructions of his client."). It always has been and always will be that the client must decide whether to appeal a judgment. But to the extent there is a factual dispute concerning the lawyer's authority to file a notice of appeal on a client's behalf because the client may not have expressed a desire to appeal, the dispute must be resolved by the court of appeals, typically after an abatement, a limited remand to the trial court for an evidentiary hearing, and the filing of supplemental findings of fact or conclusions of law. *See generally In re M.E.-M.N.*, 342 S.W.3d 254, 258–59 (Tex. App.—Fort Worth 2011, pet. denied) (describing abatement and remand procedure used in termination appeal after the appellant did not timely file her appellant's brief); *Taylor v. Tex. Dep't of Family & Protective Servs.*, No. 03-09-00684-CV, 2010 WL 5129126, at *1 (Tex. App.—Austin Dec. 17, 2010, no pet.) (mem. op.) (dismissing appeal after evidentiary hearing and determination that the appellant abandoned the appeal). The trial court does not, however, have the authority to interfere with our jurisdiction by prohibiting a party from filing a

notice of appeal.  *See Smith*, 270 S.W.3d at 787.  We sustain Relator's second issue.[2]

### IV.  Conclusion

Having held that the trial court abused its discretion, we conditionally grant the petition for writ of mandamus and direct the trial court to vacate the portion of its October 6, 2011 order prohibiting Relator's counsel from filing a notice of appeal.  The writ will issue only if the trial court fails to comply within ten days.  Our October 7, 2011 temporary stay order will be automatically lifted upon the trial court's compliance with our order.

ANNE GARDNER
JUSTICE

PANEL:  DAUPHINOT, GARDNER, and MCCOY, JJ.

DELIVERED:  December 15, 2011

---

[2]In light of our disposition of Relator's second issue, we need not address and express no opinion concerning his first issue:  whether the trial court abused its discretion by finding that his counsel had no duty to file a notice of appeal until Relator communicated to counsel his desire to appeal.  *See* Tex. R. App. P. 47.1.  We also do not reach the question of the trial court's refusal to substitute appellate counsel for Relator because Relator has not assigned that question as an issue in this original proceeding, nor has he briefed whether he established good cause for the substitution.  *See* Tex. Fam. Code Ann. § 107.016 (West Supp. 2011) (listing conditions upon which appointed counsel in termination case may withdraw or be replaced upon finding of good cause); Tex. R. Civ. P. 10 (requiring showing of good cause for withdrawal of counsel).  We do note, however, the trial court's apparent agreement on the record at the hearing to substitute appellate counsel in the event of an appeal.