

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-11-00419-CV

IN THE INTEREST OF D.C.J.,
A CHILD

----------

FROM THE 16TH DISTRICT COURT OF DENTON COUNTY

----------

## MEMORANDUM OPINION[1]

----------

In terminating Appellant J.R.J.'s parental rights to his son D.C.J., the trial court found by clear and convincing evidence that Appellant

- knowingly placed or allowed D.C.J. to remain in conditions or surroundings which endangered his physical or emotional well-being;

- engaged in conduct or knowingly placed D.C.J. with persons who engaged in conduct which endangered his physical or emotional well-being;

---

[1]*See* Tex. R. App. P. 47.4.

- constructively abandoned D.C.J., who has been in the temporary managing conservatorship of the Department of Family and Protective Services (TDFPS) for not less than six months, and TDFPS made reasonable efforts to return D.C.J. to Appellant, Appellant did not regularly visit or maintain significant contact with D.C.J., and Appellant demonstrated an inability to provide D.C.J. with a safe environment; and

- failed to comply with the provisions of a court order that specifically established the actions necessary for him to obtain the return of D.C.J., who has been in the temporary managing conservatorship of TDFPS for not less than nine months as a result of his removal from Appellant for abuse or neglect.[2]

The trial court also found that termination of the parent-child relationship between Appellant and D.C.J. is in D.C.J.'s best interest.[3]

We decline to revisit our prior order rejecting TDFPS's assertion that we lack jurisdiction to entertain this appeal, given the timely-filed notice of appeal and Appellant's February 14, 2012 telephonic statement to his appellate counsel confirming that he desires this appeal.[4]

In two points, Appellant complains that the evidence is not legally sufficient to support the trial court's endangerment findings under subsections (D) and (E).[5]

---

[2]*See* Tex. Fam. Code Ann. § 161.001(1)(D)–(E), (N)–(O) (West Supp. 2011).

[3]*See id.* § 161.001(2).

[4]*See* Tex. R. App. P. 25.1(b), 26.1(b); *In re Smith*, 263 S.W.3d 93, 95 (Tex. App.—Houston [1st Dist.] 2006, orig. proceeding); *Lab Corp. of Am. v. Mid-Town Surgical Ctr., Inc.*, 16 S.W.3d 527, 529 (Tex. App.—Dallas 2000, no pet.); *see also In re J.R.J.*, 357 S.W.3d 153, 155–57 (Tex. App.—Fort Worth 2011, orig. proceeding) (holding that trial court abused its discretion by ordering Appellant's appellate counsel not to file a notice of appeal).

[5]*See* Tex. Fam. Code Ann. § 161.001(1)(D)–(E).

Along with a best interest finding, a finding of only one ground alleged under section 161.001(1) is sufficient to support a judgment of termination.[6] Because Appellant does not challenge the trial court's findings under subsections (N) and (O) or the finding that termination is in D.C.J.'s best interest, we overrule his two points and affirm the trial court's judgment.[7]

PER CURIAM

PANEL: DAUPHINOT, GARDNER, and MCCOY, JJ.

DELIVERED: July 5, 2012

---

[6]*In re E.M.N.*, 221 S.W.3d 815, 821 (Tex. App.—Fort Worth 2007, no pet.).

[7]*See* Tex. Fam. Code Ann. § 161.001(1)(N)–(O), (2); *In re A.V.*, 113 S.W.3d 355, 362 (Tex. 2003); *In re K.W.*, 335 S.W.3d 767, 769 (Tex. App.—Texarkana 2011, no pet.).