02-11-419-CV









 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

NO. 02-11-00419-CV

 

 


 
 
 In the Interest of D.C.J., 
 A Child
 
 
  
 
 
  
 
 
 
 
  
  
  
 
 
 
 
  
 
 
  
 
 
  
 
 


 

 

----------

FROM THE 16th
District Court OF Denton COUNTY

----------

MEMORANDUM
OPINION[1]

----------

In terminating
Appellant J.R.J.’s parental rights to his son D.C.J., the trial court found by
clear and convincing evidence that Appellant

·       
knowingly
placed or allowed D.C.J. to remain in conditions or surroundings which
endangered his physical or emotional well-being;

·       
engaged
in conduct or knowingly placed D.C.J. with persons who engaged in conduct which
endangered his physical or emotional well-being;

·       
constructively
abandoned D.C.J., who has been in the temporary managing conservatorship of the
Department of Family and Protective Services (TDFPS) for not less than six
months, and TDFPS made reasonable efforts to return D.C.J. to Appellant,
Appellant did not regularly visit or maintain significant contact with D.C.J.,
and Appellant  demonstrated an inability to provide D.C.J. with a safe
environment; and

·       
failed
to comply with the provisions of a court order that specifically established
the actions necessary for him to obtain the return of D.C.J., who has been in
the temporary managing conservatorship of TDFPS for not less than nine months
as a result of his removal from Appellant for abuse or neglect.[2]

The
trial court also found that termination of the parent-child relationship
between Appellant and D.C.J. is in D.C.J.’s best interest.[3]

We
decline to revisit our prior order rejecting TDFPS’s assertion that we lack
jurisdiction to entertain this appeal, given the timely-filed notice of appeal
and Appellant’s February 14, 2012 telephonic statement to his appellate counsel
confirming that he desires this appeal.[4]

In two
points, Appellant complains that the evidence is not legally sufficient to
support the trial court’s endangerment findings under subsections (D) and (E).[5] 
Along with a best interest finding, a finding of only one ground alleged under
section 161.001(1) is sufficient to support a judgment of termination.[6] 
Because Appellant does not challenge the trial court’s findings under
subsections (N) and (O) or the finding that termination is in D.C.J.’s best
interest, we overrule his two points and affirm the trial court’s judgment.[7]

 

 

PER CURIAM

 

PANEL: 
DAUPHINOT,
GARDNER, and MCCOY, JJ.

 

DELIVERED:  July 5, 2012









[1]See Tex. R. App. P. 47.4.





[2]See Tex. Fam. Code
Ann. § 161.001(1)(D)–(E), (N)–(O) (West Supp. 2011).





[3]See id. § 161.001(2).





[4]See Tex. R. App. P.
25.1(b), 26.1(b); In re Smith, 263 S.W.3d 93, 95 (Tex. App.—Houston [1st
Dist.] 2006, orig. proceeding); Lab Corp. of Am. v. Mid-Town Surgical Ctr.,
Inc., 16 S.W.3d 527, 529 (Tex. App.—Dallas 2000, no pet.); see also In
re J.R.J., 357 S.W.3d 153, 155–57 (Tex. App.—Fort Worth 2011, orig.
proceeding) (holding that trial court abused its discretion by ordering
Appellant’s appellate counsel not to file a notice of appeal).





[5]See Tex. Fam. Code
Ann. § 161.001(1)(D)–(E).





[6]In re E.M.N., 221
S.W.3d 815, 821 (Tex. App.—Fort Worth 2007, no pet.).





[7]See Tex.
Fam. Code Ann. § 161.001(1)(N)–(O), (2); In re A.V., 113 S.W.3d 355, 362
(Tex. 2003); In re K.W., 335 S.W.3d 767, 769 (Tex. App.—Texarkana 2011,
no pet.).