

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————————

No. 02-23-00331-CV

———————————————————

IN RE C.R., Relator

---

Original Proceeding
231st District Court of Tarrant County, Texas
Trial Court No. 231-737023-23

---

Before Birdwell and Womack, JJ.; and Lee Gabriel (Senior
Justice, Retired, Sitting by Assignment)
Memorandum Opinion by Justice Womack

# MEMORANDUM OPINION

## I. INTRODUCTION

Relator C.R. (Mother)[1] seeks mandamus and temporary relief from actions taken by the trial court in the underlying suit affecting the parent–child relationship (SAPCR). We deny Mother's petition in part and conditionally grant it in part.

## II. BACKGROUND

On July 13, 2023, the Department of Family and Protective Services (the Department) filed its Original Petition for Protection of a Child, for Conservatorship, and for Termination in Suit Affecting the Parent–Child Relationship in the trial court. The Department requested that the court immediately, without notice or an adversary hearing, appoint the Department as temporary sole managing conservator of Mother's infant child T.E., and the Department requested "emergency orders and/or attachments required to gain possession of the child as authorized by § 262.101, Texas Family Code." *See* Tex. Fam. Code Ann. § 105.001(a), (c), (h); Act of May 21, 2001, 77th Leg., R.S., ch. 849, § 1, 2001 Tex. Gen. Laws 1693, 1693–94 (amended 2023) (current version at Tex. Fam. Code Ann. § 262.101); Act of April 11, 1995, 74th Leg., R.S., ch. 20, § 1, 1995 Tex. Gen. Laws 113, 267.[2] That same day, the trial court held

---

[1]To protect the child's identity, we identify Mother and him by their initials only. *See* Tex. Fam. Code Ann. § 109.002(d).

[2]Some of the statutes applicable in this case have been amended, effective September 1, 2023. We will cite the current version of the applicable statutes in this opinion unless the specific statutory authority relied upon was amended this year.

an ex parte hearing and found that (1) there was an immediate danger to the physical health or safety of the child or the child had been the victim of neglect or sexual abuse or trafficking on one or more occasions; (2) continuation in the home of Mother or Father[3] would be contrary to the child's welfare; (3) that there was no time, consistent with the physical health or safety of the child, for a full adversary hearing, and (4) reasonable efforts, consistent with the circumstances and providing for the safety of the child, were made to prevent or eliminate the need for removal of the child.[4]  *See* Act of May 21, 2001, 77th Leg., R.S. ch. 849, § 2, 2001 Tex. Gen. Laws 1693, 1694, *amended by* Act of March 26, 2015, 84th Leg., R.S., ch. 1, § 1.155, 2015 Tex. Gen. Laws 1, 36 (last amended 2023).

The trial court named the Department temporary sole managing conservator of T.E. and set a "full adversary hearing" for July 21, 2023.  *See* Tex. Fam. Code Ann. § 262.201(a) (providing that "a full adversary hearing shall be held not later than the 14th day after the date the child was taken into possession by the governmental entity").  Mother appeared at that hearing, objected to the removal, and requested

---

[3]J.E., T.E.'s alleged father, is a party in the underlying SAPCR but not in this original proceeding.

[4]Although the "Ex Parte Order for Protection of a Child in an Emergency and Notice of Hearing" signed by the trial court on July 13, 2023 (the Emergency Protection Order) contains other provisions we do not mention here, Mother's petition for mandamus and emergency request for temporary relief focus on the Department keeping T.E. in its custody under what Mother claims is a void order.

3

either the immediate return of T.E. to her care or in the alternative for the court to have a full adversary hearing "as required by the Texas Family Code."

On July 21, 2023, the trial court found that the Department had shown good cause for an extension of the Emergency Protection Order. The trial court signed a new order (1) setting a show cause hearing for August 30, 2023, and (2) extending the Emergency Protection Order "until further Orders are issued in this proceeding following the hearing scheduled above."

On August 29, 2023, the Department informed the other parties and the trial court by email that the attorney handling and preparing this case for the Department had tested positive for COVID the night before and had been instructed to not return to work until September 1, 2023. The Department requested that the show cause hearing be continued until another date.[5] The trial court then informed the parties via email that it was passing the show cause hearing for August 30, 2023. Mother's attorney replied:

> I cannot object strongly enough to this being reset a month out - my client is missing precious time with her newborn and this show cause took 6 weeks to schedule initially - she has been patiently waiting and doing everything requested in the interim.

---

[5]We note that the record before us shows that multiple different attorneys have appeared or signed filings as counsel of record for the Department. The Department has offered us no explanation as to why one of these other attorneys could not have appeared on its behalf. In addition, the record reflects that multiple trial judges or associate judges have signed orders in this case.

For what it is worth, when the department asked earlier this week - I did object to this hearing being reset if it would be over a week away. I understand [opposing counsel] is sick and I am so extremely empathetic on that front - but the department has a newborn in foster care and setting this at the end of September will cause her to miss nearly three months of this child's life.

. . . . I am at a loss that it could possibly take us almost 3 months to get a contested show cause that my client is entitled to within 14 days of removal.

Please know that I understand scheduling difficulties and illness - truly I do.

After further emails among the trial court coordinator and attorneys for the parties discussing available reset dates, it appeared that the show cause hearing would be delayed for several more weeks. Mother's attorney then made her position clear:

This is a contested adversary hearing - this is the second extension of the emergency orders and this extension is occurring at the department's request over the extreme objection of the mother in this case.

Again, I understand illness and scheduling issues, but my client is entitled to a show cause in the situation within 14 days. I will without hesitation file a mandamus to have this heard as quickly as possible - it is simply not acceptable that we are looking at pushing this out another month after already having to wait 6 weeks for the setting that was supposed to occur this morning.

The reality is this - I have heard nothing that justifies this child's continued removal from his mother - there is no substantial risk of continuing danger to the child in the mother's home - and the department has made no efforts to return the child to the mother's home at this point and I have heard no concerns from the department that have not been addressed and alleviated.

Further, I believe that as of this morning when the department failed to proceed with its hearing, the emergency orders expired - thus the department is illegally in possession of my client's child and demand

5

is made to **immediately** return the child to my client.  Further, if the Court enters an order extending the emergency orders in this cause, please allow this email to serve as notice that I will be filing a motion to dissolve and/or modify the terms of that order upon entry.

I am not otherwise scheduled on the afternoon of the 25th, but cannot object strongly enough to this being set more than 14 days out - my client does **not** agree to the extension of the emergency orders in this case more than 14 days.  I will move things around to make any day in the next 14 days work.  [Emphasis in original.]

The trial court then signed a new order again extending the Emergency Protection Order and resetting the full adversary hearing for September 25, 2023.

By written motion filed September 11, 2023, Mother requested that the trial court either declare void, vacate, or declare expired its August 30 order extending the Emergency Protection Order or, in the alternative, dissolve or modify the Emergency Protection Order.  Mother argued:

In the present case, despite objecting to the entry of a second extension of the emergency orders, the Court not only signed a second emergency order extending the prior emergency order, but did not set a hearing within the 14-day period, after which emergency order **shall expire.** Instead, over the objection of [Mother] the Court improperly extended the emergency order, and set a hearing far outside the scope of when the order would expire, had the order been valid at its issuance.  [Emphasis in original.]

On September 14, 2023, the trial court denied Mother's motion and reset the pending show cause hearing from September 25, 2023, to September 21, 2023, at 2:00 p.m. The trial court's order further stated that "2 hours" would be allowed for the hearing.

The next day, Mother petitioned this court for a writ of mandamus and "[t]emporary" relief in the form of an order compelling the trial court to order that

6

the Emergency Protection Order "is void, be vacated, and/or that it expired" upon the expiration of fourteen days, on September 13, 2023, and to order the immediate return of T.E. to the care of Mother. Mother argues in her petition that the trial court not only abused its discretion by extending the Emergency Protection Order and further delaying the hearing beyond August 30, 2023, but also that it abused its discretion by denying her motion. The Department was given an opportunity to respond to both Mother's petition and her request for relief but only filed a response to the latter.

On September 27, 2023, Mother filed a supplement to her petition for writ of mandamus and request for emergency relief. In that supplement, Mother states that the trial court (1) commenced the hearing as scheduled on September 21, 2023; (2) recessed the hearing at "approximately 4:00 p.m." until October 9, 2023, over the objection of Mother; and (3) orally extended the Emergency Protection Order to remain in full force and effect until the continuation of the adversary hearing on October 9, 2023, also over Mother's objection. In its response to Mother's supplement, the Department states that it "disputes neither the procedural history of the case nor the analysis of [the pertinent Family Code provisions] stated therein." Mother points out that October 9, 2023—the date the hearing is scheduled to resume—will be eighteen days after the hearing commenced and *eighty-six days* after the child the subject of this suit was removed on July 13, 2023.

7

## III. DISCUSSION

## A. Applicable Law

### 1. Mandamus

Mandamus relief is an extraordinary remedy. *In re Acad., Ltd.*, 625 S.W.3d 19, 25 (Tex. 2021) (orig. proceeding). The party seeking mandamus relief must show both that the trial court clearly abused its discretion and that the party has no adequate remedy by appeal. *In re Allstate Indem. Co.*, 622 S.W.3d 870, 875 (Tex. 2021) (orig. proceeding).

A trial court abuses its discretion when a decision is arbitrary, unreasonable, and without reference to guiding principles. *Id.*; *see Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding). We defer to a trial court's factual determinations that have evidentiary support, but we review the trial court's legal determinations de novo. *In re Labatt Food Serv., L.P.*, 279 S.W.3d 640, 643 (Tex. 2009) (orig. proceeding). An error of law or an erroneous application of the law to the facts is always an abuse of discretion. *See In re Geomet Recycling LLC*, 578 S.W.3d 82, 91–92 (Tex. 2019) (orig. proceeding).

An appellate remedy's adequacy has no specific definition; "the term is 'a proxy for the careful balance of jurisprudential considerations' [that implicate both public and private interests,] and its meaning 'depends heavily on the circumstances presented.'" *Allstate Indem. Co.*, 622 S.W.3d at 883 (quoting *In re Prudential Ins. of Am.*, 148 S.W.3d 124, 136 (Tex. 2004) (orig. proceeding)); *In re Ford Motor Co.*, 165 S.W.3d

315, 317 (Tex. 2005) (orig. proceeding) (quoting *Prudential*, 148 S.W.3d at 136); *see also In re McAllen Med. Ctr., Inc.*, 275 S.W.3d 458, 464 (Tex. 2008) (orig. proceeding) ("Whether a clear abuse of discretion can be adequately remedied by appeal depends on a careful analysis of costs and benefits of interlocutory review.").

An appellate remedy is adequate when any benefits to mandamus review are outweighed by the detriments. *Prudential*, 148 S.W.3d at 136. But even when the benefits of mandamus review outweigh the detriments, we must consider whether the appellate remedy is nonetheless adequate. *Id.* In evaluating the benefits and detriments, we consider whether mandamus will preserve important substantive and procedural rights from impairment or loss. *In re Team Rocket, L.P.*, 256 S.W.3d 257, 262 (Tex. 2008) (orig. proceeding). The danger of permanently losing substantial rights occurs when the appellate court would not be able to cure the error, when the party's ability to present a viable claim or defense is vitiated, or when the error cannot be made a part of the appellate record. *ERCOT, Inc. v. Panda Power Generation Infrastructure Fund, LLC*, 619 S.W.3d 628, 641 (Tex. 2021) (orig. proceeding) (citing *In re Van Waters & Rogers, Inc.*, 145 S.W.3d 203, 211 (Tex. 2004) (orig. proceeding)). We should also consider whether mandamus will allow us "to give needed and helpful direction to the law that would otherwise prove elusive in appeals from final judgments" and "whether mandamus will spare litigants and the public 'the time and money utterly wasted enduring eventual reversal of improperly conducted proceedings.'" *Team Rocket*, 256 S.W.3d at 262 (quoting *Prudential*, 148 S.W.3d at 136).

9

## 2. Family Code and Rule of Procedure

The Texas Family Code empowers the trial court in a SAPCR to issue a temporary order for the conservatorship of a child as well as a temporary restraining order or attachment of a child authorizing a governmental entity to take possession of a child. *See* Tex. Fam. Code Ann. §§ 105.001(a)(1), 262.102(a). In a SAPCR filed by a governmental entity that requests permission to take possession of a child without prior notice and a hearing,

> unless the child has already been returned to the parent, managing conservator, possessory conservator, guardian, caretaker, or custodian entitled to possession and the temporary order, if any, has been dissolved, a full adversary hearing shall be held not later than the 14th day after the date the child was taken into possession by the governmental entity, unless the [trial] court grants an extension under [other provisions not applicable here].

*Id.* § 262.201(a). A temporary order, temporary restraining order, or attachment of the child issued under Section 262.102(a) expires not later than fourteen days after the date it is issued unless it is extended as provided by the Texas Rules of Civil Procedure or Section 262.201(e).[6] *Id.* § 262.103.

---

[6]Section 262.201(e) allows a trial court, for good cause shown, to postpone the full adversary hearing and extend a temporary order, temporary restraining order, or attachment issued by the court under Section 262.102(a) for the protection of the child "for not more than seven days from the date of [an] attorney's appointment to provide the attorney time to respond to the petition and prepare for the hearing." Tex. Fam. Code Ann. § 262.201(e). The court may shorten or lengthen the extension granted under this subsection if the parent and the appointed attorney agree in writing. *Id.* This provision is thus inapplicable in the case before us, as both Mother's attorney and Father's attorney were appointed on July 13, 2023, when the trial court signed the Emergency Protection Order.

Texas Rule of Civil Procedure 680 provides, in relevant part:

> Every temporary restraining order granted without notice . . . shall expire by its terms within such time after signing, not to exceed fourteen days, as the court fixes, unless within the time so fixed the order, for good cause shown, is extended for a like period or unless the party against whom the order is directed consents that it may be extended for a longer period.

Tex. R. Civ. P. 680. The rule further provides that "[n]o more than one extension may be granted unless subsequent extensions are unopposed." *Id.* All temporary restraining orders are subject to Rule 680's limitations on duration. *In re Tex. Nat. Res. Conservation Comm'n*, 85 S.W.3d 201, 204 (Tex. 2002). Additionally, "Rule 680 provides the only method for extending a temporary restraining order beyond fourteen days." *Id.*

## B. Analysis

### 1. Abuse of Discretion

A trial court abuses its discretion if it incorrectly interprets or improperly applies the law. *In re J.R.J.*, 357 S.W.3d 153, 154 (Tex. App.—Fort Worth 2011, orig. proceeding). The correct interpretation of a statute is a matter of law, which we review de novo. *Sirius XM Radio, Inc. v. Hegar*, 643 S.W.3d 402, 406 (Tex. 2022). In construing statutory provisions, our objective is to determine and give effect to the legislature's intent. *In re Dep't of Family & Protective Servs.*, 273 S.W.3d 637, 641 (Tex. 2009) (orig. proceeding). We look first to the plain and common meaning of the statute's words. *Id.* We presume the legislature deliberately and purposefully selects

11

words and phrases it enacts. *Tex. Mut. Ins. Co. v. Ruttiger*, 381 S.W.3d 430, 452 (Tex. 2012).

When analyzing statutory language, we must make logical inferences when necessary "to effect clear legislative intent or avoid an absurd or nonsensical result that the [l]egislature could not have intended." *Castleman v. Internet Money Ltd.*, 546 S.W.3d 684, 688 (Tex. 2018) (quoting *Cadena Comercial USA Corp. v. Tex. Alcoholic Beverage Comm'n*, 518 S.W.3d 318, 338 (Tex. 2017)). Reviewing Section 262.201 de novo, we may thus infer that the legislature intended "to ensure that issues relating to the health and safety of children are promptly addressed while also protecting the due-process rights of those entitled to possession." *See In re Tex. Dep't of Family & Protective Servs.*, No. 01-18-00717-CV, 2018 WL 4701693, at *4 (Tex. App.—Houston [1st Dist.] Oct. 2, 2018, orig. proceeding) (mem. op.).

The legislature has granted the Department authority to take possession of children and file suit to seek the termination of parental rights, as it did in this case.[7]

---

[7]Texas law underscores the fundamental right of parents to direct the upbringing of their children, a right that gives rise to a legal presumption that it is in a child's best interest to be raised by his or her parents. *In re C.J.C.*, 603 S.W.3d 804, 812 (Tex. 2020). The Family Code must always yield to that presumption because it is of due-process, constitutional dimension. *See, e.g., id.* at 818–19. Thus, it should be a consideration (and is) in termination cases such as the one here. *See In re E.R.*, 385 S.W.3d 552, 554 (Tex. 2012) ("When the State seeks to sever permanently the relationship between a parent and a child, it must first observe fundamentally fair procedures." (citing *Santosky v. Kramer*, 455 U.S. 745, 747–48, 102 S. Ct. 1388, 1391–92 (1982)). For the same reason, we carefully scrutinize termination proceedings and strictly construe involuntary-termination statutes in the parent's favor. *In re E.N.C.*,

12

*See* Tex. Fam. Code Ann. §§ 161.001, 262.001(a); *Dep't of Family & Protective Servs.*, 273 S.W.3d at 643. However, the legislature has prescribed with particularity how certain aspects of such suits must be conducted. *Dep't of Family & Protective Servs.*, 273 S.W.3d at 643.

A "full adversary hearing" is an adjudication hearing, which in child-abuse and neglect proceedings is defined as the stage at which the trial court "hears the state's allegations and evidence and decides whether the state has the right to intervene on behalf of the child." *Full Adversary Hearing, Hearing, Black's Law Dictionary* (11th ed. 2019). The hearing's purpose is to afford parents the opportunity to challenge the Department's right to retain any children whom the Department has taken into custody under an ex parte order from the court. *In re E.D.L.*, 105 S.W.3d 679, 688 (Tex. App.—Fort Worth 2003, pet. denied). "A full adversary hearing thereby requires that the court enter temporary orders governing any children taken into custody, pending a full adjudication of parental rights at the termination hearing." *Id.* The fourteen-day limitation affords parents a prompt, orderly procedure by which they can present their case and hold the Department to its evidentiary burden. *Id.*

The purposes of the "full adversary hearing" requirement of Section 262.201 would be frustrated, then, if the complete hearing were not held and temporary orders were not issued within the fourteen-day timeframe. It does not satisfy the statutory

384 S.W.3d 796, 802 (Tex. 2012); *E.R.*, 385 S.W.3d at 563; *Holick v. Smith*, 685 S.W.2d 18, 20–21 (Tex. 1985).

13

requirement for the trial court to simply *commence* the hearing within that fourteen days; to so interpret the law would lead to an absurd or nonsensical result—the trial court could convene the hearing and then recess it for weeks or even months, during which time the parents are deprived not only of their right to possession of their child but also their opportunity to challenge the Department's right to retain possession of their child and present their own case to the court.

Based on our de novo review of Section 262.201, we conclude that the phrase "full adversary hearing" means a *complete* adversary hearing—one that begins *and ends* within the prescribed fourteen-day timetable (or within a longer period of time as agreed to by the necessary parties or for good cause shown). Mother does not complain in this mandamus proceeding about the first reset of the hearing—from July 21 (which was not later than the fourteenth day after the date T.E. was taken into possession by the Department) to August 30, 2023—but about the second reset— from August 30 to September 25 (later rescheduled to September 21), 2023—and the continuation of the hearing that commenced on September 21 to October 9, 2023. We hold that, in addition to delaying the hearing and extending the Emergency Protection Order beyond August 30 over Mother's opposition, the trial court clearly abused its discretion by recessing the hearing on September 21 and continuing it to October 9 over Mother's objection.

In a similar vein, Rule 680 places strict limitations on the duration of temporary restraining orders and trial courts' discretion to extend them. *See* Tex. R. Civ. P. 680.

14

"The short duration Rule 680 allows for temporary restraining orders is a critical safeguard against the harm occasioned by a restraint on conduct that has yet to be subject to a truly adversarial proceeding." *Tex. Nat. Res. Conservation Comm'n*, 85 S.W.3d at 206–07. Ex parte emergency orders and temporary orders in a SAPCR are analogous to temporary restraining orders and temporary injunctions, respectively. Like the Emergency Protection Order in this case, a temporary restraining order can be issued based on a sworn affidavit, without notice or a hearing, *see* Tex. R. Civ. P. 680; *Tex. Nat. Res. Conservation Comm'n*, 85 S.W.3d at 204, but is meant to be in place for a very short duration and only until the trial court can issue a new order after hearing evidence at an adversarial hearing, *see* Tex. R. Civ. P. 680; *Tex. Nat. Res. Conservation Comm'n*, 85 S.W.3d at 204. The supreme court has interpreted the requirements of Rule 680 in such a way as to not permit a party to continually request temporary restraining orders without requiring the party to meet the more stringent requirements of obtaining a temporary injunction; "if a party can obtain unlimited extensions of a temporary restraining order, there would be no reason to ever seek a temporary injunction, which has more stringent proof requirements." *Texas Nat. Res. Conservation Comm'n*, 85 S.W.3d at 204. It follows that a party should not be able to obtain, absent agreement, unlimited extensions of an ex parte emergency order or continuances of the full adversary hearing required by Section 262.201.

We hold that the trial court clearly abused its discretion by extending the Emergency Protection Order a *second* time (on August 30, 2023) over Mother's

15

opposition. *See* Tex. R. Civ. P. 680. The trial court had no discretion under the Texas Family Code or Rules of Civil Procedure to extend the Emergency Protection Order or delay the "full adversary hearing" required by Section 262.201(a) beyond August 30, 2023—the date to which the hearing was first reset with the consent of the parties. *See In re Hallas*, No. 03-22-00413-CV, 2022 WL 3650090, at *2 (Tex. App.— Austin Aug. 25, 2022, orig. proceeding) (mem. op.) (holding that trial court abused its discretion by granting multiple extensions of temporary restraining order in SAPCR). We must now decide whether Mother has an adequate remedy by appeal.

### 2. Inadequate Remedy by Appeal

Temporary orders rendered under Section 105.001 are not subject to interlocutory appeal. Tex. Fam. Code Ann. § 105.001(e). Accordingly, a party may seek review of the trial court's temporary order by petition for writ of mandamus. *Id.* § 109.001(b-5)(1), (c). We have said that, in the event a full adversary hearing is not timely held, Section 262.201 provides parents the right to compel the trial court by mandamus to conduct the adversary hearing promptly. *E.D.L.*, 105 S.W.3d at 688. And, as the supreme court pointed out in *Texas Natural Resource Conservation Commission*, "even an accelerated appeal would be inadequate because of the need for an expeditious decision." 85 S.W.3d at 206. Thus, Mother has met her burden to show that the trial court clearly abused its discretion and that she has no adequate remedy by appeal.

16

## IV. CONCLUSION

Mother asks us to compel the district court to immediately return T.E. to her possession. But the remedy for a trial court's failure to hold a full adversary hearing within fourteen days of issuing an ex parte possession order is to compel the trial court by mandamus to conduct the adversary hearing promptly. *In re J.M.C.*, 109 S.W.3d 591, 595 (Tex. App.—Fort Worth 2003, no pet.) (per curiam). If the full adversary hearing fails to show that urgent circumstances justified the immediate removal of a child from his home, then Chapter 262 mandates the child's return to the parent. *In re L.I.C.S.*, No. 04-21-00287-CV, 2022 WL 789341, at *2 (Tex. App.—San Antonio Mar. 16, 2022, no pet.) (mem. op.); *In re C.M.D.*, No. 13-20-00402-CV, 2021 WL 497302, at *3 (Tex. App.—Corpus Christi–Edinburg Feb. 11, 2021, no pet.) (mem. op.). We therefore deny Mother's petition in part to the extent it requests us to compel the district court to immediately return T.E. to Mother.

We conditionally grant Mother's petition and direct the trial court to immediately—before the already scheduled October 9, 2023 continued hearing—hold a full adversary hearing on the Emergency Protection Order and, after affording Mother the opportunity to present evidence and challenge the Department's evidence and right to retain the child, issue additional temporary orders, as appropriate. *See J.M.C.*, 109 S.W.3d at 595; *see also L.I.C.S.*, 2022 WL 789341, at *2 (stating that, if a full adversary hearing does not occur, then "the proper remedy is for a parent to compel the trial court by mandamus to conduct an adversarial hearing promptly and

17

issue additional temporary orders").  Because we are confident that the trial court will comply with these directives, the writ will issue only if the trial court fails to do so.

/s/ Dana Womack

Dana Womack
Justice

Delivered:  October 4, 2023